484 P.2d 1032

Richard Creed OPENSHAW and Hope Open-
shaw, husband and wife, Judy Wilson and
Howard Ward, Plaintiffs-Appellants,

v.

ALLSTATE INSURANCE COMPANY, a
Corporation, Defendant-Respondent.

No. 10474.

Supreme Court of Idaho.

May 6, 1971.

Kramer, Plankey & Meehl, Twin Falls,
for plaintiffs-appellants.

Marcus & Marcus, Boise, for defendant-
respondent.

McFADDEN, Justice.

This action was instituted by assignees
of an insured against his insurance com-
pany seeking damages against the insurer.

The plaintiffs-appellants herein are Richard Creed Openshaw and his wife, Hope Openshaw, Judy Wilson and Howard Ward. These are the same parties who as plaintiffs instituted a negligence action against Gordon and Marine Adams alleging Gordon's negligence as the cause for their injuries and the death of a child of Mr. and Mrs. Openshaw; later they amended the complaint to include the alleged negligence of Marine Adams as a cause of their injuries. The action arose out of an automobile collision between the Openshaw vehicle, in which the four plaintiffs and the Openshaw child were riding, and a truck owned and operated by Gordon Adams. In the action, tried to a jury, judgment was entered for the plaintiffs against Gordon Adams for approximately $99,000.00 while judgment was entered in favor of Marine Adams. The judgment in favor of Marine Adams was appealed, which judgment was affirmed. Openshaw v. Adams, 92 Idaho 488, 445 P.2d 663 (1968).

Allstate Insurance Company (referred to herein as Allstate), the defendant-respondent in the instant action, was the liability insurer of Gordon Adams on the vehicle he was operating at the time of the collision.[1] The insurance policy had a $10,000–$20,000 maximum for personal injuries, i. e. $10,000 liability for each person injured up to $20,000 for each occurrence. Allstate has paid the $20,000 maximum on the judgment against its insured. Allstate also had issued another policy which covered liability on the vehicle operated by Marine Adams with a policy limit of $40,000.

In the instant action the plaintiffs alleged that Gordon Adams had assigned to the plaintiffs the claim sued on, which claim was stated in four counts against Allstate. The plaintiffs sought damages for the alleged negligence and bad faith of Allstate in failing to settle the damage claim the plaintiffs had against Gordon and Marine Adams for their alleged negligence and, instead, allowing the case to go to judgment. In their complaint, the plaintiffs sought recovery of the unpaid balance on the Openshaw v. Adams judgment of $79,000, plus attorneys fees.

Allstate answered the plaintiffs' complaint and moved for summary judgment. The trial court, after considering the affidavits, exhibits and depositions submitted by the respective parties, granted Allstate's motion and entered summary judgment against appellants.

Appellants appealed from the summary judgment and from the order subsequent to judgment denying appellants' objections to findings of fact, conclusions of law and entry of summary judgment. In their appeal, appellants have made five assignments of error, basically directed to the determination by the district court that there were no genuine issues as to any material fact and further to the holding of the trial court that summary judgment should be entered for Allstate.

To resolve the issues presented by this appeal it must first be determined whether any claim for relief is stated by the appellants' pleadings and whether the supporting affidavits, exhibits and depositions of the parties resolve the cause as a matter of law, or whether there remain for resolution genuine issues as to any material fact.

Our attention has not been called to any previous decisions of this court dealing with the issue of the liability of an insurance company for the alleged failure to settle a claim against its insured because of either its negligence or its bad faith

1. Section 1, Part 1 of the policy of insurance covering Gordon Adams states: "Allstate will pay for an insured all damages which the insured shall be legally obligated to pay because of: A. bodily injury sustained by any person, and B. the injury arising out of the ownership, maintenance or use, including loading or unloading, of the owned automobile or a non-owned automobile. Allstate will defend any lawsuit, even if groundless, false or fraudulent, against any insured for such damages which are payable under the terms of this policy, but may make such settlement of any claim or suit as it deems expedient."

in its representation of its insured following a claim being made against its insured. The law seems well settled in other jurisdictions that relief can be granted against insurance companies for recovery of amounts in excess of policy limits under appropriate factual situations.

■ Generally it can be said that an insurance company which contracts to defend its insured following a claim by a third party against the insured, is under a duty either to exercise "good faith" or to exercise due care (be free from negligence) in defending the action against its insured, and in considering offers to compromise the claim for an amount within the policy limits. 14 Couch on Insurance 2d, § 51:130 et seq., p. 626. Annot: 40 A.L.R.2d 168.

"In a large number of the more recent cases the two tests of 'good faith' and 'negligence' have tended to coalesce, with many of the courts which have in terms rejected the 'negligence' test agreeing, nevertheless, that the insurer's negligence is a relevant consideration in determining whether or not it exercised the requisite good faith." 14 Couch on Insurance 2d, § 51:135, p. 630.

Under the facts as hereinafter discussed, it becomes apparent that this court need not at this time determine which of the rules, i. e. "good faith," "due care," or hybrid combination, will be applied, for it is our opinion that under the record here, the undisputed facts do not authorize relief under any of these theories.

It is the position of the appellants that Allstate was negligent, and failed to act in good faith in its representation of the Adamses, the insureds, in settlement negotiations between the appellants and the Adamses. The following description of the events following the accident explains the basis for appellants' position.

The collision of the Gordon Adams pickup truck with the Openshaw vehicle occurred on April 1, 1965. Prior to November 25, 1965, when suit was instituted by the four plaintiffs against Gordon Adams and his wife, investigation of the accident was conducted by Allstate through claim adjusting firms, one in Salt Lake City, Utah, and another in Twin Falls, Idaho. An employee of the Salt Lake firm, Mr. McFarland, contacted the Openshaws in Salt Lake City, where they had gone following the accident, and offered to them $9,000 in settlement of all their claims against Gordon Adams; that offer was declined. At that time, this adjuster was authorized to pay $10,000 in full settlement of that claim. He explained in his deposition he advised the Openshaws of the limitations of the policy, i. e. $10,000 and $20,000 for bodily injury, and that there were other claims in Idaho still to be settled, i. e. the claims of Judy Wilson and Howard Ward. He also testified that if they were not satisfied, and if they had any alternative proposal to make, he would convey it to Allstate for consideration. He also stated that he advised them at one time he thought it would be to their best interest not to retain the services of an attorney.

After the initial complaint was filed against Gordon and Marine Adams, an amended complaint was filed on December 31, 1965, wherein Mrs. Adams was alleged to have been following Mr. Adams in another car and that she was negligent in honking her horn, causing Mr. Adams to be distracted from his driving, which contributed to the accident.

Allstate was doubly involved in the action after the amended complaint was filed for it was not only the insurer on the vehicle operated by Mr. Adams, but also the insurer on the vehicle operated by Mrs. Adams with a $40,000 limitation on its liability. However, Allstate, in its evaluation of the liability under the policy on the vehicle operated by Mrs. Adams, determined that there was no liability on the part of Mrs. Adams, and the verdict and subsequent appeal in the case of Openshaw v. Adams, supra, confirmed this determination.

Shortly after the action was filed by the four plaintiffs against the Adamses, Allstate notified Mr. and Mrs. Adams that the claim for damages in the Openshaw com-

plaint far exceeded the limits of the All-state policy on the vehicle operated by Mr. Adams. Allstate informed the Adamses that they had the right to retain personal counsel to represent them in the action and to associate with counsel Allstate retained. The Adamses did retain their own counsel. After the four plaintiffs filed their complaint, the record discloses that Allstate offered to pay the full limits under the policy on Mr. Adams' vehicle, i. e. $20,000, but the plaintiffs never accepted such offers or made any counter offer, either separately or in any combination, within the policy limits of $20,000. The affidavit of Mr. Mitchell, Allstate's District Director, states that up to December 31, 1965, the date on which the amended complaint was filed, Allstate had no knowledge from its investigation of any negligence on the part of Mrs. Adams.

Mr. Benoit, the attorney retained by Allstate to defend the action, stated in his affidavit that Allstate never withdrew the authority to pay the $20,000 policy limits in settlement of the case. Furthermore, during the course of the trial in November, 1966, Mr. Benoit again offered to settle the case for the $20,000 policy limits on the vehicle operated by Mr. Adams, and even offered to pay an additional $10,000 on the policy covering the vehicle operated by Mrs. Adams. This offer was rejected by the plaintiffs who had offered to settle for a total of $55,000. The only other offer which the plaintiffs had made was for a total of $45,000 on both policies, made just before trial of the case.

At no time did the plaintiffs ever offer to settle their claims for the $20,000 policy limits on Mr. Adams' vehicle. The plaintiffs now assert, however, that if an offer of $20,000 *in settlement of all claims* against Mr. Adams alone had been made, it would have been accepted, leaving the liability under the policy on Mrs. Adams' vehicle for resolution by trial. Premised on this assertion, the plaintiffs claim that an issue of fact is raised which is genuine and material, and hence the summary judgment should not have been granted.

The plaintiffs also point to the fact that Mr. and Mrs. Adams made a written demand upon Allstate dated July 13, 1966, to settle with the plaintiffs within the policy limits of both policies, and argue from this that failure to comply with this demand constituted either "bad faith" on the part of Allstate or amounted to negligence on Allstate's part.

■ With these contentions we do not agree. At the outset there is no contention that Allstate was at any time negligent insofar as the Adamses were concerned in the conduct of its investigation into the facts of the automobile accident. See Southern Fire & Cas. Co. v. Norris, 35 Tenn.App. 657, 250 S.W.2d 785 (1952); Appleman, Ins. Law and Practice, Vol 7A, § 4712, p. 571. At the time of its initial offer to Mr. and Mrs. Openshaw, prior to the time counsel was retained by them, Allstate had a $20,000 limitation insofar as its policy covering Mr. Adams' vehicle was concerned, and this $20,000 had to be distributed between Mr. and Mrs. Openshaw, Miss Wilson and Mr. Ward. Prior to the time of the filing of the amended complaint alleging negligence on the part of Mrs. Adams, there was no cause to believe that Allstate had any liability under the second insurance policy. After the amended complaint was filed, Allstate determined that there was no liability on the part of Mrs. Adams and adhered to this position. Adhering to this position cannot be denominated as being "bad faith" or "negligence" on the part of Allstate, for subsequent facts established the correctness of Allstate's position in this regard. Cf. Fowler v. State Farm Mutual Automobile Ins. Co., 153 Mont. 74, 454 P.2d 76 (1969).

■ It is established that Allstate was agreeable to settling the entire action for the policy limits of Mr. Adams' $20,000 policy, and that there was no offer by plaintiffs to settle in that regard. The plaintiffs' contention that Allstate should have settled liability against Mr. Adams for the $20,000 limitation, and then left for resolution by trial the liability policy

covering Mrs. Adams is without merit. First, the record lacks even a suggestion indicating there was such an offer made by plaintiffs. The present assertion by plaintiffs that they would have settled as against Mr. Adams must be disregarded; the evaluation of Allstate's conduct as to whether it acted in "bad faith" or was "negligent" must refer to the time prior to the verdict when the cause possibly could have been settled. Second, claimants bottom their complaint on a speculative interpretation of what could have happened and this is an inappropriate matter for a trial.

The record shows that at Allstate's suggestion the Adamses retained their own personal counsel who associated with Allstate's counsel before and during trial. The record nowhere indicates that the Adamses' counsel was not fully informed of all settlement negotiations nor does the record show that he or the Adamses had requested that Allstate offer to settle the claims solely against Mr. Adams. The $30,000 settlement offer comes remarkably close to the settlement supposedly acceptable to plaintiffs; given the verdict at the trial as to Mrs. Adams one realizes that offer, if accepted, would have netted plaintiffs a $10,000 bonus. Yet this was rejected by plaintiffs who countered with a $55,000 figure, not with an offer to settle against Mr. Adams and let the jury decide Mrs. Adams' liability. In light of these facts it would not seem unreasonable for the claimants to have at the time detailed the acceptable settlement terms rather than leaving to chance that Allstate would discover the right combination of settlement terms acceptable to the plaintiffs.

█ Under the state of the record, we fail to find unresolved any genuine issue of material fact. I.R.C.P. 56(c). Mrs. Openshaw's statement in her affidavit that she was of "the opinion that had the insurance company forthrightly offered" to all plaintiffs the entire $20,000 in settlement of the claim, the plaintiffs would have accepted and been agreeable upon a fair division between themselves, is simply an opinion,

which on its face would have been inadmissible at trial, and hence cannot be considered. I.R.C.P. 56(e).

We find no error in granting the summary judgment. The judgment is affirmed. Costs to respondent.

McQUADE, C. J., DONALDSON and SPEAR, JJ., and HAGAN, District Judge, concur.