600 P.2d 1387

J. A. CASEY and Harold J. Jacobs dba Modern Way Thrift, Inc., J. A. Casey and Harold J. Jacobs and Modern Way Thrift, Inc., Plaintiffs-Respondents,

v.

HIGHLANDS INSURANCE COMPANY, Defendant-Appellant.

No. 12752.

Supreme Court of Idaho.

Oct. 4, 1979.

Samuel Eismann, Coeur d'Alene, for defendant-appellant.

Winfred B. Moorer, Moscow, for plaintiffs-respondents.

DONALDSON, Chief Justice.

J. A. Casey and Harold J. Jacobs, dba Modern Way Thrift, Inc., and J. A. Casey and Harold J. Jacobs and Modern Way Thrift, Inc. [Modern Way Thrift] originally brought this action in the district court in July, 1976 to recover insurance proceeds allegedly due from defendant-appellant, Highlands Insurance Company [Highlands], under a policy issued by Highlands covering losses occurring as a result of a "safe burglary." This appeal stems from a district court order granting Modern Way Thrift's motion for summary judgment and award-

ing plaintiffs damages in the amount of $8,500, interest in the amount of $2,550 and costs.

In December of 1971, Modern Way Thrift obtained the comprehensive business policy of insurance in issue here from Highlands through one Phil Guilfoy of Guilfoy Insurance of Moscow, Idaho. The policy contained the following coverage relating to safe burglaries:

"Coverage C—Safe Burglary:

To pay for loss of money, securities and other property from within the vault or safe by safe burglary or attempt thereat. To pay for damage to property other than money and securities, and to the premises by such safe burglary or attempt thereat, provided with respect to damage to the premises the insured is the owner thereof or is liable for such damage."

The policy went on to define "safe burglary" to mean:

". . . (1) the felonious abstraction of insured property from within a vault or safe described in the declarations and located within the premises by a person making felonious entry into such vault or such safe and any vault containing the safe, when all doors thereof are duly closed and locked by all combination locks thereon, provided such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon the exterior of (a) all of said doors of such vault or such safe and any vault containing the safe, if entry is made through such doors, or (b) the top, bottom or walls of such vault or such safe and any vault containing the safe through which entry is made, if not made through such doors, or (2) the felonious abstraction of such safe from within the premises."

This same policy was in effect when the theft of $8,500 occurred from the safe in the Modern Way Thrift Store on or about July 13, 1973. The thieves apparently gained entry into the store by breaking the lock on the front door of the store. Modern Way Thrift speculates that the thieves then manipulated the safe's combination to open it and remove the money. At the time of the theft the safe was completely locked. The safe bore no visible marks made by tools, electricity, explosives or chemicals or anything else which would indicate that it was forcibly opened.

Modern Way Thrift timely filed a claim with Highlands. Highlands denied the claim as not being within the "safe burglary" provision in the policy. Modern Way Thrift then filed an action in district court which led to this appeal.

Following the filing of its answer in district court, Highlands moved for summary judgment based upon the pleadings, Modern Way Thrift's answers to requests for admissions and the affidavit of Phil Guilfoy. Modern Way Thrift filed the affidavit of Harold J. Jacobs, one of the plaintiffs, in opposition to the motion. The district judge heard arguments on the motion on June 9, 1977. Three weeks later, Modern Way Thrift moved for summary judgment. On July 13, 1977 the court issued its decision to grant Modern Way Thrift's motion, filing its findings of fact and conclusions of law a week later.

The district court concluded, apparently on the basis of the Jacobs' affidavit, that the plaintiffs believed that they were insured against losses through burglary. He concluded further that the insurance policy was ambiguous in that the words "attempt thereat" were not defined. Construing this ambiguity most strongly against Highlands, he found for the plaintiff.

The issue presented is whether the district court erred in denying Highlands' motion for summary judgment and in granting that of Modern Way Thrift, thus finding insurance coverage for safe burglary and awarding Modern Way Thrift $8,500 plus interest of $2,550.

In deciding whether the district court erred in granting Modern Way Thrift's motion for summary judgment, we decide this case on the following question of law: when a genuine issue of material fact presents itself through the pleadings, depo-

sitions, admissions and affidavits of the parties involved, it is error, as a matter of law, to grant summary judgment to the moving party. Because we find that such a genuine issue of material fact existed on the matter of the alleged representations made by Highlands' agent, Guilfoy, to Modern Way Thrift, it was error to grant summary judgment to either party. We reverse the decision of the district court and remand this case for further proceedings.

Under I.R.C.P. 56(c) summary judgment should be granted only if there is no genuine issue as to any material fact after the pleadings, depositions, admissions, and affidavits have been construed in a light most favorable to the party opposing summary judgment. *Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 97 Idaho 348, 544 P.2d 306 (1975); *Farmer's Ins. Co. of Idaho v. Brown*, 97 Idaho 380, 544 P.2d 1150 (1976). Furthermore, summary judgment under I.R.C.P. 56(c) should be granted whenever on the basis of evidence before the court a directed verdict would be warranted or whenever reasonable men could not disagree as to the facts. *Petricevich v. Salmon River Canal Company*, 92 Idaho 865, 452 P.2d 362 (1969).

On appeal from an order granting summary judgment, the Supreme Court must construe the record liberally in favor of the party opposing the order and accord him the benefit of all inferences which might be reasonably drawn. *Straley v. Idaho Nuclear Corp.*, 94 Idaho 917, 500 P.2d 218 (1972). The fact that both sides moved for summary judgment does not in itself establish that there is no genuine issue of fact.

*Farmers Ins. Co. of Idaho v. Brown, supra.* Applying these propositions to the record in the instant case, it is clear that summary judgment for Modern Way Thrift cannot be upheld.

The district court, in its memorandum opinion, applied the "doctrine of reasonable expectations" (*Corgatelli v. Globe Life & Accident Ins. Co.*, 96 Idaho 616, 533 P.2d 737 (1975)) to Modern Way Thrift's insurance policy and extended coverage to include the loss in dispute. It also adopted Modern Way Thrift's assertion that defendant's agent, Phil Guilfoy, caused the insured to believe that the policy in question covered Modern Way Thrift against losses sustained as a result of burglary. The court relied upon the affidavit of Harold Jacobs in reaching this conclusion.

In granting summary judgment for plaintiffs, however, the lower court overlooked the genuine factual issue of whether Highlands' agent, in fact, made any material representations to Modern Way Thrift, and if so, the nature of those representations. Since the basis of Modern Way Thrift's case is that the alleged representations of Highlands' agent created coverage under the policy, this question of fact as to the representations precludes a finding of summary judgment as a matter of law.

Plaintiff pled in paragraph V of its complaint that Phil Guilfoy acted as agent for defendant Highlands and all representations made regarding insurance coverage were made within the scope of his employment. Highlands admitted Guilfoy's status as agent but denied all other allegations in its answer.[1] Also, at hearings on High-

---

1. Ordinarily when the movant for summary judgment accompanies his motion with a supporting affidavit, the adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If he does not do so, summary judgment, if appropriate, shall be entered against him. I.R.C.P. 56(e); *Tafoya v. Fleming*, 94 Idaho 3, 479 P.2d 483 (1971); *Barton v. Cannon*, 94 Idaho 422, 489 P.2d 1021 (1971); *Worthen v. State*, 96 Idaho 175, 525 P.2d 957 (1974).

However, on the facts as presented in the record and the arguments made on appeal it appears that Modern Way Thrift now seeks, for the first time, coverage for its losses under the doctrine of reasonable expectations. The term "reasonable expectations" was not mentioned in the record until the district court adopted it as a theory for granting Modern Way Thrift's motion for summary judgment in its memorandum opinion. It also appears that counsel for Highlands was unaware that the statements contained in the affidavit would be used by the district court for a theory of recovery which

**508**

lands' motion for summary judgment, counsel for Highlands raised the fact that Modern Way Thrift's pleadings failed to state the precise nature of the alleged representations made by Guilfoy. The lower court mentioned this deficiency in the pleadings to Modern Way Thrift's counsel and he admitted such deficiency. The effect of this admission and of the pleadings themselves is that a genuine issue of material fact remains.

Modern Way Thrift also attempts to use the affidavit of Harold Jacobs as a means of establishing its reliance on representations allegedly made by Guilfoy, thus creating an unconscionable restriction on coverage in the policy which defeated plaintiff's reasonable expectations. However, the affidavit of Jacobs fails to allege what representations, in fact, were made. I.R.C.P. 56(e) requires that supporting affidavits for motion for summary judgment "be made on personal knowledge" and "set forth such *facts* as would be admissible in evidence . . . ." (emphasis added)

■ In the instant case, the affidavit of Jacobs merely states "that affiant relied upon the advice and recommendations of Phil Guilfoy, the authorized agent of defendant, that affiant would be insured, by the above mentioned policy, against losses sustained as a result of burglary." The affidavit fails to specify factually what representations were made or when such statements were made and merely states a conclusion that affiant relied upon the advice of the agent. Where an affidavit merely states conclusions and does not set out facts, such supporting affidavit is inadmissible to show the absence of a genuine issue of material fact. *Matthews v. New York Life Ins. Co.*, 92 Idaho 372, 443 P.2d 456 (1968). *Accord, Openshaw v. Allstate Ins. Co.*, 94 Idaho 192, 484 P.2d 1032 (1971). Construing the pleadings, affidavits and admissions in a light most favorable to the defendant, there remains a material fact as to whether agent Guilfoy had made representations to plaintiff, upon which plaintiff believed it was insured for all losses resulting from burglary.

■ The district court also concluded that the policy term "or attempt thereat" was ambiguous because the term was not defined and the court construed the ambiguity against Highlands. In doing so it relied upon *United States Fidelity & Guaranty Co. v. Woodward*, 118 Ga.App. 591, 164 S.E.2d 878 (1968), where the Georgia Court of Appeals declared the undefined term "or attempt thereat" to be ambiguous and construed the term most favorably for the storekeeper and against the insurer. We find that case inapplicable here in light of the facts of this case and upon the basis of the record.

In its burglary report, which was admitted into evidence as an exhibit, Modern Way Thrift admitted that its safe was not forced open and assumed that the combination lock was manipulated. It also admitted in its answer to request for admissions that there were no visible marks on the safe made by tools, explosives, electricity or chemicals and that the safe was not removed from its premises. Any admission that there were no marks from violent entry or attempted entry precludes the necessity of determining whether the term "or attempt thereat" is ambiguous since such an admission is, in effect, an acknowledgment that the loss was not included within the definition of "safe burglary." Since there were no visible marks of any kind which would warrant a finding of "safe burglary," there could likewise be no marks of an attempt at such and under the terms of the policy, the loss would not be covered. It was, therefore, immaterial that the district court concluded that an ambiguity existed which should be construed against the insurer.

Furthermore, the district court's finding that there was a material ambiguity in the terms of the contract from which it applied the doctrine of reasonable expectations is to

was not mentioned in the pleadings or at oral argument and so he failed to file an affidavit controverting these allegations. Thus, High-

lands was denied an opportunity to properly challenge the Jacobs' affidavit and the general rule of 56(e) does not apply here.

no avail since the doctrine of reasonable expectations is not the law in Idaho. Respondents claim that in *Corgatelli v. Globe Life & Accident Ins. Co., supra*, this Court adopted the doctrine. However, *Corgatelli* was not a majority opinion of the Court—two justices concurred in the result without expressly adhering to the language of that decision and two of the justices dissented. Also, within the language of the opinion itself there is some question as to whether the doctrine of reasonable expectations had been clearly adopted.[2]

In declining to adopt the doctrine of reasonable expectations in Idaho, we follow the rationale of the dissenting opinion in *Corgatelli*. There, Justice Donaldson rejected an adoption of the doctrine of reasonable expectations and relied upon the traditional basic principles involved in construing contracts. Intent is to be determined from the language of the contract itself[3] and "in the absence of ambiguity, contracts for insurance must be construed as any other and understood in their plain, ordinary and proper sense, according to the meaning derived from the plain wording of the contract."[4]

Reliance on this traditional approach avoids the danger that the court might create liability by construction of the contract terms or creation of a new contract for the parties.[5] In the event that there is an ambiguity in the terms of the policy, special rules of construction apply to insurance contracts to protect the insured.[6]

Since these rules protect the insured under a more traditional approach, it becomes unnecessary to adopt a new theory of recovery where, conceivably, the periphery of what losses would be covered could be extended by an insured's affidavit of what he "reasonably expected" to be covered. In so holding we observe that our sister state of Washington has likewise failed to adopt the doctrine of reasonable expectations and, through examination of its case law on this point, appears to apply the traditional contract rules of construction to which we adhere.[7]

In light of our holding that the insured's admissions made immaterial the issue of whether an ambiguity existed in the contract and in light of our decision that the doctrine of reasonable expectations does not apply in Idaho, we nonetheless reverse because of genuine issues of material fact and remand for further proceedings not inconsistent with the views of this Court. Because the lower court erred in granting summary judgment, we also reverse as to damages.

Costs to appellant.

BAKES, McFADDEN and BISTLINE, JJ., concur.

SHEPARD, J., concurs in result.

2.  96 Idaho at 619, n. 1, 533 P.2d at 740, n. 1.

3.  *Parma Seed Inc. v. General Ins. Co. of America*, 94 Idaho 658, 496 P.2d 281 (1972); *Watkins v. Federal Life Ins. Co.*, 54 Idaho 174, 29 P.2d 1007 (1934).

4.  *Continental Nat'l Am. Group v. Allied Mut. Ins. Co.*, 95 Idaho 251, 506 P.2d 478 (1973); *Lively v. City of Blackfoot*, 91 Idaho 80, 416 P.2d 27 (1966); *Smith v. Idaho Hosp. Serv. Inc.*, 89 Idaho 499, 406 P.2d 696 (1965); *Evans v. Continental Life and Accident Co.*, 88 Idaho 254, 398 P.2d 646 (1965); *Thomas v. Farm Bureau Mut. Ins. Co.*, 82 Idaho 314, 353 P.2d 776 (1960).

5.  *Occidental Fire and Cas. Co. v. Cook*, 92 Idaho 7, 435 P.2d 364 (1967); *Lively v. City of Blackfoot, supra*, n. 4; *Coburn v. Fireman's*

*Fund Ins. Co.*, 86 Idaho 415, 387 P.2d 598 (1963); *Thomas v. Farm Bureau Mut. Ins. Co., supra*, n. 4; *Rosenau v. Idaho Mut. Benefit Assn.*, 65 Idaho 408, 145 P.2d 227 (1944).

6.  *Abbie Uriguen Oldsmobile Buick, Inc. v. United States Fire Ins. Co.*, 95 Idaho 501, 511 P.2d 783 (1973); *Dunford v. United of Omaha*, 95 Idaho 282, 506 P.2d 1355 (1973); *Medical-Dental Serv., Inc. v. Boroo*, 92 Idaho 328, 442 P.2d 738 (1968); *Shields v. Hiram C. Gardner, Inc.*, 92 Idaho 423, 444 P.2d 38 (1968); *Stephens v. New Hampshire Ins. Co.*, 92 Idaho 537, 447 P.2d 14 (1968).

7.  Note, "*Corgatelli v. Globe Life and Accident Insurance Company*," 12 Idaho L.Rev. 97, 106 (1975).