**MORRELL CONSTRUCTION, INC., an Idaho corporation, Plaintiff–Appellant,**

v.

**HOME INSURANCE COMPANY, a foreign corporation, Defendant–Appellee.**

No. 88–4446.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1990.

Decided April 3, 1990.

Darrel W. Aherin, Aherin, Aherin & Rice, Lewiston, Idaho, for plaintiff-appellant.

Scott D. Hess, Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, Idaho, for defendant-appellee.

Before KOELSCH, BROWNING and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Morrell Construction, Inc. appeals the district court's decision granting summary judgment in favor of Home Insurance Co. on Morrell's claim that Home Insurance Co. exercised bad faith by refusing to investigate and pursue settlement negotiations before suit was filed against Morrell by a third party. Because this case involves issues of first impression under Idaho tort law, we certify two questions to the Idaho Supreme Court.

I

On August 21, 1981 a grain storage tank, owned by Pomeroy Grain Growers and built by Morrell, collapsed, killing one individual and causing extensive property damage. Morrell alleges that its potential exposure for the property damage exceeded $500,000. Morrell immediately notified its insurer, Home Insurance Co., of the collapse. It then hired an engineer as well as an attorney to investigate and provide representation. Home Insurance did not investigate the claim, nor did it initiate settlement negotiations with Pomeroy Grain Growers. On March 3, 1982, Home Insurance informed Morrell that property damage liability was excluded under Morrell's policy.

Pomeroy Grain Growers brought suit against Morrell in August of 1983, and Home Insurance retained an attorney to defend Morrell. Pomeroy Grain Growers eventually settled for $125,000 in October of 1985. Morrell's policy limit was only $100,000, and Morrell and Pomeroy agreed that Morrell's liability for the remaining $25,000 would be contingent upon recovery in this action.

Morrell's primary argument in this diversity case is that Home Insurance acted in bad faith by failing to investigate and settle Pomeroy Grain Growers' claim against Morrell before Pomeroy Grain Growers filed suit. The district judge granted Home Insurance's motion for summary judgment in September of 1986. Morrell appealed. We affirmed in part, and reversed and remanded in part in an unpublished memorandum disposition for reconsideration in light of *White v. Unigard Mutual Insurance Co.*, 112 Idaho 94, 730 P.2d 1014 (1986), decided by the Idaho Supreme Court while Morrell's appeal was pending. *Morrell Construction, Inc. v. Home Insurance Co.*, 823 F.2d 1553 (9th Cir.1987). On remand, the district judge granted summary judgment in favor of Home Insurance. Morrell appeals. We review decisions granting summary judgment de novo. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 59, 107 L.Ed.2d 26 (1989).

II

Morrell maintains that Home Insurance had a duty to investigate and engage in

settlement negotiations *before* Pomeroy filed suit. Idaho courts have not yet addressed what duty, if any, insurers owe insureds before a third party files a complaint.

In response to certified questions from a federal district court, the Supreme Court of Idaho first imposed tort liability on insurers who settle claims in bad faith in *White v. Unigard Mutual Insurance Co.*, 112 Idaho 94, 730 P.2d 1014 (1986). It explained that "insurance companies have a duty to act in good faith with their insureds, and that this duty exists independent of the insurance contract and independent of statute." *Id.* at 1016. "Such a duty is beyond that which the policy imposes by itself—the duty to defend, settle, and pay—but is a duty imposed by law on an insurer to act fairly and in good faith in discharging its contractual responsibilities." *Id.* In *White*, the Idaho Supreme Court held that there exists a common law tort action "for an insurer's bad faith in settling the first party claims of its insured." *Id.* at 1020. Idaho's nascent bad faith tort was recently extended to include negligent as well as intentional denials or delays in the payment of claims. *Reynolds v. American Hardware Mutual Insurance Co.*, 115 Idaho 362, 766 P.2d 1243, 1246 (1988).

Neither *White* nor *Reynolds* addressed whether a common law tort action for bad faith exists for an insurer's failure to investigate claims of third parties against insureds before suit is filed. Some jurisdictions impose a duty on insurers to investigate a third party's claim before a complaint is filed, *see, e.g., Griggs v. Bertram*, 88 N.J. 347, 443 A.2d 163, 170 (1982), while others do not, *see, e.g., Ramsey v. Interstate Insurors, Inc.*, 89 N.C.App. 98, 365 S.E.2d 172, *review denied*, 322 N.C. 607, 370 S.E.2d 248 (1988). *See generally*, 7C J. Appleman, *Insurance Law and Practice* § 4712 at 480 (1979).

Similarly, Idaho courts have not decided whether insurers have a duty to initiate settlement negotiations before suit is filed. In *Openshaw v. Allstate Insurance Co.*, 94 Idaho 192, 484 P.2d 1032 (1971), the Idaho

Supreme Court suggested without deciding that insurers have a duty to settle a claim before suit is filed when an injured third party initiates settlement negotiations. In this case, however, Pomeroy Grain Growers did not make a settlement offer prior to filing suit. Home Insurance can only be liable for bad faith, then, if Idaho tort law imposes a duty on insurers to initiate settlement negotiations before suit is filed. We are not aware of any controlling Idaho precedents, and our research indicates that commentators and other state courts have come to differing conclusions.

Keeton argues that insurers should have a duty to initiate settlement negotiations with third parties who assert claims against insureds. R. Keeton & A. Widiss, *Insurance Law* § 7.8(c) (1988). Appleman agrees that the better view is that insurers have an affirmative duty to explore settlement possibilities with third parties. 7C J. Appleman, *Insurance Law and Practice* § 4711 at 377 (1979). However, Couch contends that there is no liability for bad faith in the absence of an offer to settle by the person claiming against the insured. 14 *Couch on Insurance 2d* § 51:17 at 406 (1982). Courts which have directly addressed the issue have split as well. *Cf. Alt v. American Family Mutual Insurance Co.*, 71 Wis.2d 340, 237 N.W.2d 706, 713 (1976) (duty on insurer to initiate settlement negotiations), with *Miller v. Kronk*, 35 Ohio App.3d 103, 519 N.E.2d 856, 858 (1987) (no duty on insurer to initiate settlement negotiations).

## ORDER

■ We find that there is no controlling Idaho precedent concerning the scope of an insurer's duty to investigate or initiate settlement negotiations before a suit is filed under Idaho's tort of bad faith. An immediate determination of these issues "would materially advance the orderly resolution" of this appeal. Idaho App.R. 12.1. The United States Supreme Court has noted that certification saves "time, energy and resources and helps build a cooperative judicial federalism." *Lehman Brothers v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741,

1744, 40 L.Ed.2d 215 (1974). We accordingly certify the following questions to the Idaho Supreme Court: (1) Does Idaho's bad faith tort impose a non-contractual duty on insurers to investigate a claim before a third party files a suit? (2) Does Idaho's bad faith tort impose a non-contractual duty on insurers to initiate settlement negotiations before a third party files a suit?

██ We respectfully request the Idaho Supreme Court to exercise its discretionary authority under Idaho Appellate Rule 12.-1(c) to accept and decide these questions. Our phrasing of the questions should not limit the court's consideration of the issues involved. "The Idaho court is free to frame the basic issues in any appropriate manner." *Meckert v. Transamerica Insurance Co.*, 742 F.2d 505, 507 (9th Cir. 1984). If the Idaho Supreme Court declines certification, it should state so, and we will resolve the issues according to our perception of Idaho Law.

The Clerk will file a certified copy of our Order with the Idaho Supreme Court pursuant to Idaho Appellate Rule 12.1(b). This panel retains jurisdiction over further proceedings in this court. The parties shall notify the Clerk within one week after the Idaho Supreme Court accepts or rejects certification, and again within one week if that court renders an opinion.

So ordered.