432 So.2d 690 (1983)
FLORIDA CRUSHED STONE COMPANY and American Mutual Liability Insurance Company, Appellants,
v.
COMMERCIAL STANDARD INSURANCE COMPANY and Roberto Hernandez and Aurora Hernandez, Husband and Wife, Appellees.
No. 82-2424.
District Court of Appeal of Florida, Second District.
June 3, 1983.
Richard W. Driscoll of Miller, McKendree & Somers, Tampa, for appellants.
*691 Barbara J. Paulson of Fowler, White, Gillen, Boggs, Villareal & Banker, for appellee Commercial Standard Ins. Co.
BOARDMAN, Judge.
Defendants/third party plaintiffs Florida Crushed Stone Company and American Mutual Liability Insurance Company appeal a final judgment against them on their third party complaint against appellee Commercial Standard Insurance Company. We affirm and adopt the trial court's opinion, which reads:
The Plaintiff, Roberto Hernandez[,] owned a tractor and leased from Jernigan Trucking Company (Jernigan) a semi-trailer which was insured by Commercial Standard Insurance Company (Commercial).
On the day in question Mr. Hernandez drove the tractor trailer unit to Florida Crushed Stone Company (Crushed Stone) where it was loaded with limerock by employees of Crushed Stone.
After leaving the premises of Crushed Stone the tractor trailer unit overturned and Mr. & Mrs. Hernandez sued Crushed Stone and its carrier American Mutual Liability Company (American Mutual) alleging that Crushed Stone had improperly loaded the trailer thereby causing the unit to overturn and injure Mr. Hernandez.
Crushed Stone and American Mutual then filed a third-party action against Commercial claiming that its policy issued to Jernigan provided coverage to Crushed Stone for the alleged negligent loading of Jernigan's trailer.
The third-party claim concerning coverage was severed, tried non-jury [sic] on a stipulated statement of facts which provided inter alia; [sic] "Third-Party Plaintiff, FLORIDA CRUSHED STONE COMPANY, improperly loaded limerock which caused the tractor, in which said Plaintiff was driving[,] to tip over and cause him injury. (This fact is assumed only for the purposes of the non-jury [sic] trial to be held on September 20, 1982 and is not admitted for any other purpose.)"
On the facts presented the court finds that the negligence of employees of Crushed Stone caused or contributed to any injury sustained by Mr. Hernandez.
It was undisputed that American Mutual's policy provided coverage to Crushed Stone for the incident, the only issue being whether coverage was also provided Crushed Stone under Commercial's policy for the loading of Plaintiff's trailer and, if so, whether it was primary, excess or pro-rata coverage.
The Commercial policy provided:
"We will pay all sums the insured must pay as damages  resulting from the ownership, maintenance or use of a covered auto."
In addition under "We Will Not Cover  Exclusions" it provided:
"This insurance does not apply to:
* * * * * *
7. Bodily injury or property damage resulting from the loading of property before it has been put in or on the covered auto or the unloading of property after it has been taken off or out of the covered auto. "
The Commercial policy defined insured as (in addition to the named insured, Jernigan); [sic]
"2. Anyone else is an insured while using with your permission a covered auto "
The question then is whether by its involvement in loading the trailer Crushed Stone was "using" it within the meaning of the policy issued by Commercial to Jernigan. In reaching a decision it is important to note that the policy did not expand "use" by addition of the phrase "including loading and unloading thereof" which is contained in some policies. As stated in General Accident Fire and Life Assurance Corporation v. Liberty Mutual Insurance Company 260 So.2d 249 (4 DCA 1972) at page 251;
"The `loading and unloading' provision is designed to extend the coverage afforded by a policy by expanding the definition of `use' of the insured vehicle." (emphasis supplied)
*692 But, argued American Mutual, since the exclusion made reference to "loading and unloading" and attempted to restrict Commercial's liability, then by implication, such activity or operation was impliedly included in the word "use". Support for this argument is found in McDonald Industries v. Rollins Leasing Corporation, Wash. App. 1980 [26 Wash. App. 376] 613 P.2d 800 at page 803; [sic]
"Similary [sic] a clause that excludes `liability arising from loading and unloading' would be meaningless if it did not reduce coverage from that ordinarily provided by `ownership, maintenance or use'."
It is undisputed that Crushed Stone's loading of the trailer was with the permission of an insured, and that the loading and hauling of cargo was an intended use of the insured trailer. The court determines and holds that Commercial's policy, by its exclusion clause referred to above, did cover and insure "loading and unloading" of the trailer except as excluded, i.e. before being placed on the trailer or after being removed. Neither limitation is material here because the cargo had been placed on the trailer and had not been removed at the time of the accident.
The question has been ably researched and argued by counsel and the court has further researched the point, but no Florida cases directly in point have been found. Some cases have held an independent "loader" under similar facts to be covered under the trucker's omnibus insurance clause and others have not. Carr Packing Co. v. Frank [49 Misc.2d 74] 206 [266] N.Y.S.2d 633 (1966) held there was coverage and Travelers Ins. Co. v. Buckeye Union Casualty Co. [172 Ohio St. 507] 178 N.E.2d 792 (Ohio 1961) [sic] held there was not.
In McDonald Industries, supra, a counterweight had been improperly loaded on a trailer and as a result it came off the trailer while rounding a curve some distance from the loading point. The liability policy specifically excluded "loading and unloading". The trial court held that the accident arose from loading and was therefore excluded. In reversing the Court of Appeals held; [sic]
"The accident arose from the use of the vehicle. It did not occur during the `loading and unloading' process." (emphasis supplied)
In affirming the decision of the Court of Appeals, the Supreme Court of Washington, in McDonald Industries v. Rollins Leasing Corp. [95 Wash.2d 909] 631 P.2d 947 (Wash. 1981) ... stated at page 950; [sic]
"Both theories (at rest or completed operation) agree, however, that `loading and unloading' is used to cover liability while the vehicle is stationary, Long at §§ 6.02, 6.03, and is used to cover liability during the `process' or `operation' of loading or unloading. Appleman at § 4322; Transamerica 92 Wash.2d [21] at 26, 593 P.2d 156." (emphasis supplied)
Although the court was concerned here with loading and unloading as an exclusion, it is implicit in the quoted language that once the operation of either loading or unloading is completed and the vehicle is in motion (use) by the insured, a person claiming to be an omnibus insured is no longer covered by the vehicle policy.
The question is a difficult one when applying the various definitions and interpretations by the treatise writers and case law, i.e. Couch on Insurance § 45.308 "Where the case is otherwise within the scope of an omnibus clause, the fact that the circumstances are such that the original insured would not be liable to anyone for the harm sustained from the operation of the automobile is immaterial." In the case sub judice Jernigan would not be liable for the claimed injury, but, based upon the above principal of law, that is immaterial. This rationale becomes confusing when compared with the language contained in the Buckeye case beginning at page 795; [sic]
"We are only concerned, therefore, with the contract between Buckeye and McCracken (not Travelers and Gulf) and in construing the latter contract it is fundamental, of course, that the intent of the parties thereto, when ascertained, will be controlling. In other words, did Buckeye and McCracken intend to protect *693 Gulf when their contract was executed?" (emphasis supplied)
The court found that the Gulf employee in preparing to load fule [sic] in McCracken's truck, but had no legal relationship to the named insured, was not "using" McCracken's truck. The court further stated at page 798; [sic]
"To accord to this policy the construction which Travelers claims was intended leads to the conclusion that McCracken paid premiums to Buckeye so that Buckeye would insure and protect Gulf against the claims of McCracken. It seems doubtful that the parties so intended. In our opinion, Gulf's employee was not using McCracken's truck for any purpose. He was not, therefore, an `insured' under the policy issued by Buckeye."
Rogers v. Continental Casualty Company 155 So.2d 641 (Fla. 2d DCA 1963) cites Buckeye with approval at page 644, as to the requirement that the third party must be in actual use of the truck at the time of the injury in order to be an insured under the truck policy.
Also in General Accident Fire and Life Insurance Corporation v. Liberty Mutual Insurance Company 260 So.2d 249 (Fla. 4 DCA 249) the court refused to extend coverage in a truck liability policy to a crane operator for injuries sustained in an unloading accident, holding the injury did not arise out of the "use" of the truck within the loading and unloading clause of the motor vehicle policy.
The court thereupon finds that in order for a third party to claim coverage under the "loading and unloading" clause of a motor vehicle policy he must first fall within the definition of "use", that is, merely loading or unloading a vehicle does not, in and of itself, constitute "use" of that vehicle. To hold otherwise would place a strained interpretation upon the intent of the parties to the contract.
The court finds that Jernigan and Commercial did not intend to protect Crushed Stone when they entered into their insurance contract, and that therefore no coverage is afforded to Crushed Stone under the Commercial policy.
AFFIRMED.
HOBSON, A.C.J., and LEHAN, J., concur.