575 So.2d 1311 (1991)
Diane POMERANTZ and Jeffrey Pomerantz, Appellants,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. 90-1725.
District Court of Appeal of Florida, Third District.
February 12, 1991.
Rehearing Denied April 3, 1991.
*1312 Goldfarb & Gold, P.A., and Estrella F. Gonzalez, Miami, for appellants.
Conrad, Scherer & James, and Jose S. Kashi, Fort Lauderdale, for appellee.
Before NESBITT, JORGENSON and GERSTEN, JJ.
JORGENSON, Judge.
Diane and Jeffrey Pomerantz appeal from an order of final summary judgment denying uninsured motorist coverage. For the following reasons, we reverse.
Diane Pomerantz, a passenger in the insured vehicle driven by her husband, was injured when a tree limb thrown by a lawn worker struck the car's windshield. The worker had been trimming trees and was loading the cut limbs into his uninsured truck when he missed his truck and hit the Pomerantz vehicle.
The Pomerantzes sought benefits under the uninsured motorist provisions of their automobile insurance policy issued by Nationwide. Upon denial of their claim, the Pomerantzes filed an action seeking declaratory relief against Nationwide and requesting arbitration. The parties filed cross-motions for summary judgment; the trial court granted Nationwide's motion, concluding that the accident did not arise out of the operation, maintenance, or use of an uninsured motor vehicle.
We disagree. The language of the uninsured motorist provision in the Nationwide policy simply provided that "[d]amages must result from an accident arising out of the ownership, maintenance, or use of the uninsured vehicle." The Florida Supreme Court, in interpreting an uninsured motorist policy that contained the terms "arising out of the ownership, maintenance, or use" of a motor vehicle, held that those terms should be given the same interpretation as they are given in automobile liability policies. Race v. Nationwide Mut. Fire Ins. Co., 542 So.2d 347, 349 (Fla. 1989). In Race, the court held that injuries suffered by an insured in a criminal assault following a traffic accident did not arise from the ownership, maintenance, or use of the tort-feasor's vehicle, and were therefore not covered by the insured's uninsured motorist policy. In so holding, the court recognized that
... three rather interesting rules have been set up to determine the insurer's liability: 1. The accident must have arisen out of the inherent nature of the automobile, as such; 2. The accident must have arisen within the territorial limits of an automobile, and the actual use, loading, or unloading must not have terminated; 3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury.
*1313 Race, 542 So.2d at 349, quoting 6B J. Appleman, Insurance Law and Practice, § 4317 (Buckley ed. 1979). See also Connecticut General Life Ins. v. Dyess, 569 So.2d 1293 (Fla. 5th DCA 1990) (coverage found pursuant to underinsured motorist clause where injuries caused by enraged bulls that had escaped from trailer towed by uninsured vehicle; incident arose from ownership, maintenance, or use of that vehicle).
In this case, the injuries to Diane Pomerantz were caused by the use of the uninsured truck, in particular, the loading of that truck.[1] Trucks, by their inherent nature, are vehicles that must be loaded and unloaded in order to be used in their customary manner. Accordingly, the trial court erred in finding that the Nationwide policy afforded no coverage.
Reversed and remanded for further proceedings.
NOTES
[1] Automobile liability uninsured motorist coverage "contemplates injuries which arise out of the ownership, maintenance, or use of the tort-feasor's motor vehicle." Race, 542 So.2d at 351, n. 1.