

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2005

# Old Republic Ins Co v. Kemper Cslty Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1902

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Old Republic Ins Co v. Kemper Cslty Co" (2005). *2005 Decisions.* Paper 1198.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1198

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1902
_____

OLD REPUBLIC INSURANCE CO.,

Appellant

v.

KEMPER CASUALTY COMPANY;
KEMPER CASUALTY INSURANCE COMPANY;
KEMPER INSURANCE COMPANIES;
LUMBERMENS MUTUAL CASUALTY;
VENATOR GROUP; FOOTLOCKER, INC;
THE VENATOR GROUP, INC;

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cv-05145)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2005

Before:  SLOVITER, FISHER and ALDISERT, *Circuit Judges*.

(Filed: May 13, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Old Republic Insurance Company ("Old Republic") appeals from an order denying its motion for summary judgment and granting that of defendants Lumbermens Mutual Casualty Company ("Lumbermens") and Venator Group, Venator Group, Inc. and Foot Locker, Inc. (collectively "Foot Locker"). In the underlying consolidated actions, Old Republic had sought a declaration as to which, if any, insurance carrier was responsible for monies paid by Old Republic (under a reservation of rights) in the settlement and defense of a personal injury action against Foot Locker. We will affirm.[1] As the facts and proceedings below are known to the parties, we focus here on the rationale for our decision.

I.

"The interpretation of the scope of coverage of an insurance contract is a question of law properly decided by the court, [and is] a question over which [this Court] exercise[s] plenary review." *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 360 (3d Cir. 2004) (internal quotation omitted, second and third brackets original). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* (citing Fed.R.Civ.P. 56(c)).

---

[1]The District Court had jurisdiction in diversity over this matter pursuant to 28 U.S.C. § 1332. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

In reviewing the record, this Court must view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion. *Id.*

Florida law applies to interpretation of Old Republic's business auto policy.[2] "In predicting how a matter would be decided under state law [federal courts are to] examine: (1) what the [state's highest court] has said in related areas; (2) the decisional law of the [state] intermediate courts; (3) federal appeals and district court cases interpreting the state law; and (4) decisions from other jurisdictions that have discussed the issues [under scrutiny]." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 406 (3d Cir. 2000).

## II.

At the time of the accident giving rise to the personal injury action against Foot Locker, Ryder Logistics Integrated ("Ryder") was required, pursuant to an agreement with the Woolworth Corporation (i.e., the predecessor in interest to Foot Locker), to transport goods via truck from Woolworth's central distribution center to various Woolworth store locations ("Ryder/Foot Locker agreement"). The Ryder/Foot Locker agreement provided that Foot Locker employees would load and seal the trucks at the shipping location, and that Ryder drivers would assist in unloading the trucks at the

---

[2]We will not address Appellee Foot Locker's point of contention on this issue, as it has not filed a cross-appeal.

delivery destination. The Ryder/Foot Locker agreement also provided, in Section 5(B)(1):

> We [Ryder] will obtain and maintain in effect throughout the term the following insurance coverages: 1) Comprehensive general liability [CGL] and auto liability insurance for the bodily injury (including death) and property damage, each in the combined single limit occurrence of $1 million or such greater limit as the U.S. DOT may require .... The general liability coverage includes coverage for contractual liability. You will be named an additional insured under this coverage.

A. 172.

The underlying accident occurred when a Ryder driver, assisting Foot Locker employees with the unloading of a truck at a delivery destination, was hit by a falling stack of chairs that had been (as alleged in the personal injury action) improperly or negligently loaded by Foot Locker employees at a shipping location. At the time, Ryder was insured under an Old Republic business auto policy which provided, with reference to liability coverage: "We will pay all sums an 'insured' legally must pay as damages because of bodily injury ... to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance <u>or use</u> of a covered 'auto.'" A. 203 (emphasis added). The policy defined "insured" to include "anyone else while using within your permission a covered 'auto' you own, hire or borrow ...." *Id.* at 203. That definition was later modified by endorsement to include:

> any person or organization for whom the Named Insured is obligated by written agreement to provide liability insurance but in no event for more or broader insurance than such agreement requires, and only if such insurance is afforded under the policy without reference to such agreement.

4

*Id.* at 215.  Ryder was the named insured on the Old Republic business auto policy.  *See*

*id.* at 197.

The District Court determined that Foot Locker was covered under the Old

Republic business auto policy for the negligence of its employees in causing the accident

because (1) the accident occurred during "use" of the Ryder truck by Foot Locker, and

(2) Foot Locker was an additional insured under the policy.  Old Republic assigns error to

each of these legal conclusions.[3]

To reach its decision on "use," the District Court applied the three-factor test set

forth by the Supreme Court of Florida in *Race v. Nationwide Mut. Fire Ins. Co.*, 542

So.2d 347, 349 (Fla.1989), for determining whether an event arises from the "use" of a

vehicle:

1. The accident must have arisen out of the inherent nature of the automobile, as such;
2. The accident must have arisen within the natural territorial limits of an automobile, and the actual use, loading, or unloading must not have terminated;
3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury.

We have examined the cases cited by both parties, but agree with the District Court that

the *Race* factors would be applied here, and further, that they are met.  *See Race*, 542

So.2d at 349 ("[W]e believe that the term 'arising out of the ownership, maintenance, or

---

[3]Old Republic does not challenge the District Court's determination that its
business auto policy provided primary coverage under these circumstances.

use' of a motor vehicle as contained in a UM policy should be given the same interpretation as that language is construed in automobile liability policies. In analyzing liability coverage for an act arising out of the ... use of a [] vehicle, 6B J. Appleman, Insurance Law and Practice, section 4317 (Buckley ed. 1979), states [that the foregoing three factors are used to determine whether an event arises from 'use' of the vehicle]"); *see also Pomerantz v. Nationwide Mut. Fire Ins. Co.*, 575 So.2d 1311 (Fla. Dist. Ct. App. 1991) (applying the factors identified in *Race*); *Container Corp. of America v. McKenzie Tank Lines, Inc.*, 680 So.2d 509 (Fla. Dist. Ct. App. 1996) (same). While it appears that the Supreme Court of Florida has never spoken to whether an injury arising from the act of loading or unloading a truck can meet the third factor of the test identified in *Race*, there are numerous decisions from the Florida intermediate court so holding. *See e.g., Pomerantz*, 575 So.2d at 1313 ("injuries to [plaintiff] were caused by the use of the uninsured truck, in particular, the loading of that truck. Trucks, by their inherent nature, are vehicles that must be loaded and unloaded in order to be used in their customary manner") (footnote omitted); *Container Corp.*, 680 So.2d at 511-12 (finding that lower court erred in failing to find that causal connection existed between accident and use of vehicle where the "unloading process set in motion a chain of events ending in injury.") We conclude that the line of cases exemplified by *Pomerantz* is the best indicator of how the issue would be treated by the Supreme Court of Florida. *See Boyanowski*, 215 F.3d at 406-07 ("intermediate appellate state court's decision ... is not to be disregarded by a

6

federal court unless [ ] convinced by other persuasive data that the highest court of the state would decide otherwise.") (internal citation omitted).

We further agree with the District Court that *Florida Crushed Sone Co. v. Commercial Standard Ins. Co.*, 432 So.2d 690 (Fla. Dist. Ct. App. 1983) – to the degree that its statement that "merely loading or unloading a vehicle does not, in and of itself, constitute 'use' of that vehicle," retains any validity following later decisions of the same court – is appropriately distinguished on the basis that it involved a permissive user while Foot Locker is an additional insured under the Old Republic business auto policy. While Old Republic disputes the conclusion that Foot Locker is an additional insured, we believe it flows ineluctably from the endorsement and Section 5(B)(1) of the Ryder/Foot Locker agreement. As such, we reject Old Republic's argument that the grammatical construction principle known as the "rule of the last antecedent" applies to require an interpretation that Foot Locker is only an additional insured under the CGL policy for contractual liability, as opposed to the business auto policy.[4]

Old Republic also assigns error to the District Court's conclusion that coverage for Foot Locker was not barred by the "Completed Operations" exclusion of the Old

---

[4]We acknowledge Appellees' request that we not entertain Old Republic's argument that Foot Locker is not an additional insured on the ground that that issue was not raised below. However, because the District Court used that issue as a basis for distinguishing *Florida Crushed Stone*, we find it appropriate to consider Old Republic's argument on that front. Because we find Foot Locker to be an additional insured, however, we need not address Old Republic's additional argument that Foot Locker could not qualify as a permissive user entitled to coverage under the business auto policy.

7

Republic auto business policy, because that exclusion could apply only to the Named

Insured, i.e., Ryder. To reach this finding, the District Court had to interpret the

exclusion's key phrase – "your work." As the District Court explained, the first page of

the Old Republic business auto policy stated that "throughout the policy the words 'you'

and 'your' refer to the Named Insured shown in the Declarations" and the declaration

pages identified only Ryder as the named insured. Because the term at issue is clearly

defined in the policy, it must be enforced as written, *see e.g., Fla. Power & Light Co. v.*

*Penn. Am. Ins. Co.*, 654 So.2d 276, 278 (Fla. App. 1995), and thus the District Court

correctly refused to apply the exception to Foot Locker.[5]

Accordingly, we will affirm the denial of summary judgment for Old Republic and

the entry of summary judgment for Lumbermens and Foot Locker.

---

[5]Old Republic contends that this conclusion cannot be squared with Florida law which it interprets to preclude an additional insured from having greater coverage than the named insured. Old Republic's premise, however, is not necessarily true; the exclusion operates indirectly to limit coverage to an additional insured when otherwise applicable to the named insured.

The District Court further concluded that, even assuming ambiguity in the phrase "your work," because exceptions to coverage are to be interpreted narrowly and against the insurer, the phrase is appropriately interpreted to refer only to Ryder's work. We see no error in this analysis either.

Finally, in light of our disposition, we do not reach the issue briefed by the parties whether, if the exclusion could apply to Foot Locker as an additional insured, it would operate to exclude coverage on these facts.