605 P.2d 968

**Leroy R. ROPER and Catherine A. Roper, husband and wife, Plaintiffs-Appellants,**

v.

**ELKHORN AT SUN VALLEY, an Idaho joint venture, composed of Johns-Manville Idaho, Inc., an Idaho Corporation; and Dollar Mountain Company, Inc., an Idaho Corporation, Defendants, Third Party Plaintiffs and Respondents.**

No. 13019.

Supreme Court of Idaho.

Feb. 1, 1980.

Jay Sudweeks, of May, May, Sudweeks & Shindurling, Twin Falls, for plaintiffs-appellants.

William J. Langley, Twin Falls, James L. Kennedy, of Kennedy, duPont & Crabtree, Ketchum, for respondents.

BAKES, Justice.

Plaintiff appellants Ropers bring this appeal from a summary judgment entered in favor of defendant respondent Elkhorn at Sun Valley upon plaintiffs' claim that Elkhorn breached a deed warranty against encumbrances in a conveyance of a building site to the Ropers. The Ropers also appeal from an award of attorney fees made by the district court to Elkhorn. We affirm.

Plaintiff appellants Ropers, husband and wife, purchased a building lot located on the south rim of the Snake River canyon near Twin Falls in May 1976, from defendant respondent Elkhorn at Sun Valley. The Ropers began construction of a home on the lot in the summer of 1976. After construction began, the Twin Falls Highway District asserted a claim to a fifty-foot easement across the Ropers' building lot to the canyon rim. The claimed easement was centered along a section line located near the center of the Ropers' lot and passed through that part of the lot upon which the Ropers had begun construction of a home. In order to settle the highway district's claim of an easement and continue construction of their new home, the Ropers conveyed to the Twin Falls Highway District a right of way of identical size on the eastern border of their lot in exchange for a quitclaim of the district's claimed easement through the middle of the property.

After conveying the fifty-foot easement on the eastern edge of their lot to the Twin Falls Highway District, the Ropers commenced this action against defendant respondent Elkhorn. They claimed that the highway district's claimed easement along the section line through the center of their property was not noted on their deed from Elkhorn and that the easement therefore constituted a breach of warranties of title made by Elkhorn in the deed. Elkhorn subsequently filed a third party complaint against the Peters, the parties from whom Elkhorn purchased the property; Lawyers Title Insurance Corporation; Titlefact, Inc.; Twin Falls County; and Twin Falls Highway District. Elkhorn contended that if it were found to be liable to the Ropers upon the title warranties the third party defendants should be held liable to Elkhorn for the amount of the Ropers' recovery. Third party defendants Lawyers Title Insurance Corporation, Titlefact, Inc., Twin Falls Highway District, and Twin Falls County were dismissed from the suit prior to the trial court's granting defendant Elkhorn's motion for summary judgment.

The property in this case was originally part of that land conveyed by the federal government to the State of Idaho for private settlement under the Carey Act, 43 U.S.C. § 641 (1894). It was patented by the State of Idaho to private ownership in two transactions, the first occurring December 11, 1905, and the second August 13, 1906.

The Twin Falls Highway District's claim to a public easement across the parcel was based upon an 1866 federal statute, 43 U.S.C. § 932, in which the federal government granted a right of way for the construction of highways over public lands not reserved for public use. The basis for the Twin Falls Highway District's claimed easement, asserted against the Ropers in the summer of 1976, was a resolution passed by the Twin Falls Highway District on February 8, 1919. This resolution, which was submitted by the Ropers and Elkhorn to the district court by stipulation, recited that by "proper proceedings" the Board of County

Commissioners of both Cassia County and Twin Falls County "have accepted the [federal] grant of the right of way for the construction of highways over much of the public lands described below . . ." and purported to "confirm" that prior acceptance. The 1919 resolution, however, did not specify when the acceptances referred to may have occurred or where they might be found.

The trial court granted defendant Elkhorn's motion for summary judgment upon the pleadings and affidavits filed in the case. It was Elkhorn's contention in its motion for summary judgment that the Twin Falls Highway District had no valid claim to an easement across the Ropers' property and that, therefore, the highway district's claimed easement did not constitute an encumbrance upon the Ropers' title at the time the property was conveyed to the Ropers. Elkhorn's affidavits in support of its motion for summary judgment indicated that neither the Twin Falls County Commissioners nor the Twin Falls Highway District had ever accepted the federal government's offer, contained in 43 U.S.C. § 932 (1866), of public easements across unreserved federal property. It was Elkhorn's position that there was in fact no public easement across the Ropers' property at the time it conveyed the parcel to the Ropers.

In support of its motion for summary judgment defendant Elkhorn submitted an affidavit by T. W. Stivers, president and general manager of Titlefact, Inc., a corporation engaged in the business of writing title insurance policies in Twin Falls County. In this affidavit the affiant asserted that he had examined the records of Twin Falls County in the office of the Twin Falls county recorder and that he found no recorded document which indicated any acceptance or creation of a right of way for highway purposes by Twin Falls County or Twin Falls Highway District along the section lines in question. The affiant also asserted that he had checked the minute journal of the Twin Falls County Commissioners and had failed to find any entry or record establishing or accepting a highway

right of way along the section lines. It is undisputed that there never has been in existence a public road or highway extending across the Ropers' property along the said section line.

■ Plaintiffs Ropers made no submission in response to Elkhorn's affidavits and motion for summary judgment, but relied upon the allegations made in their complaint that there was in fact a right of way in Twin Falls County's favor across their property as a result of the February 8, 1919, resolution of the Twin Falls Highway District set out above. Appellants Ropers point out that Twin Falls County was created out of Cassia County in 1907 and that an acceptance of the federal government's offer of a right of way may have occurred by the Cassia County Commissioners before the time the land passed out of the public domain in 1905 and 1906. However, the legislative act which created Twin Falls County from Cassia County in 1907 provided that upon passage of the act the county recorder of Cassia County would transcribe and deliver to the Twin Falls County recorder "all instruments, papers and other matters and things relating to or affecting property in the territory included in said county of Twin Falls." 1907 Idaho Sess. Laws, p. 43. There is in Idaho, as in most states, a presumption of regularity in the performance of official duties by public officers. *Farm Bureau Finance Co., Inc. v. Carney,* 100 Idaho 745, 605 P.2d 509 (1980); *Monson v. Boyd,* 81 Idaho 575, 348 P.2d 93 (1959); *see* G. Bell, Handbook of Evidence for the Idaho Lawyer, 240–41 (2d ed. 1972).

■ Acceptance of the federal grant of a public right of way across unreserved lands made in 43 U.S.C. § 932 (1866) must be indicated either by public use of the right of way or by formal acceptance by the appropriate public body before a valid public right of way may be established.

"The general rule would seem to be that in order to constitute an acceptance of the congressional grant of right of way for public highways across public lands, there must be either user by the public for such a period of time, and under such conditions as to establish a highway under the laws of this State; or there must

be some positive act or acts on the part of the proper public authorities clearly manifesting an intention to accept such grant with respect to the particular highway in question." *Kirk v. Schultz,* 63 Idaho 278, 282–83, 119 P.2d 266, 268 (1941). *See also Koloen v. Pilot Mound Township,* 33 N.D. 529, 157 N.W. 672 (1916); *Lovelace v. Hightower,* 50 N.M. 50, 168 P.2d 864 (1946).

Upon Elkhorn's submission of the Stivers affidavit in support of the motion for summary judgment, it was incumbent upon the plaintiffs Ropers to assert *facts* upon which they would rely at trial to show that the federal offer of a public right of way had been accepted by an appropriate public body. I.R.C.P. 56(e) provides in part that:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

At this point in the proceedings, faced with the Stivers affidavit and the 1907 legislative mandate to the Cassia County recorder cited above, the Ropers' allegation that at some unspecified time the proper authorities in Cassia County *may have passed* a valid acceptance of the easement across their land was inadequate to effectively resist Elkhorn's motion for summary judgment. The Ropers failed to assert specific facts showing any basis for their claim that a public right of way across their property had been properly accepted. The trial court properly concluded that the 1919 resolution of the Twin Falls Highway District could not, itself, constitute a valid acceptance of a section line right of way because at the time the resolution was made, in 1919, the Ropers' land had been in private ownership for some thirteen years. The reference in the 1919 resolution to an unspecified acceptance by another public body of a right of way across "much of the public lands described" sometime prior to 1919 is itself not competent evidence upon which a finder of fact could conclude that there had been a valid acceptance of the right of way across the Ropers' property by an appropriate government body prior to passage of the property into private ownership. We agree with the trial court that the plaintiffs did not, in the face of Elkhorn's motion for summary judgment, assert facts sufficient to raise an issue whether an easement across their property was ever accepted.

Appellants argue on appeal that regardless of the existence of a valid easement across their property in favor of Twin Falls County, they acted reasonably and prudently in an effort to compromise a bona fide dispute with Twin Falls County over the possible existence of the easement. The Ropers argue that the defendants should be liable for any loss reasonably incurred by them in their efforts to compromise the controversy. They maintain that the question whether they acted in a reasonable and prudent manner, given all the circumstances present, is a question of fact for the jury which precludes summary judgment in defendant's favor.

However, it is axiomatic that the plaintiff in an action for breach of covenants of title has the burden of proving that he was evicted or prevented from using the conveyed property by a person asserting title paramount to that of the plaintiff's. *E. g., Green v. Ayres,* 272 Or. 117, 535 P.2d 762 (1975); see *also* 20 Am.Jur.2d, Covenants, Conditions, & Restrictions § 83 (1965).

"The mere showing of a cloud on the grantee's title is insufficient to establish a breach, for the warrantor is not bound to protect his grantor against a mere trespasser or against an unlawful claim of title. In other words, a covenant of warranty of title does not extend to apparent or unfounded titles in land, but only against hostile titles, superior in fact to those of the grantor." 20 Am.Jur.2d, *supra,* § 56.

Appellants' inability to prove that there was in fact a valid easement in a third party's favor at the time the appellants purchased the property from the respondent

was fatal to their claim that respondents breached the warranties of title made to appellants at the time of the conveyance.

 Appellants also argue that the district court erred in including an attorney fee award in the costs taxed against them. The district court's award of attorney fees to defendant respondent Elkhorn was made pursuant to I.C. § 12–121 which authorizes the district court to award attorney fees, in the court's discretion, to the prevailing party in a civil action.[1] The appellants Ropers argue that I.C. § 12–121 does not, however, provide that attorney fees shall be taxed as costs. However, this Court has held that an attorney fee award made pursuant to I.C. § 12–121 may properly be included as costs. *Jensen v. Shank,* 99 Idaho 565, 585 P.2d 1276 (1978); *Futrell v. Martin,* 100 Idaho 473, 600 P.2d 777 (1979). The attorney fee award in this case was made after a full hearing and consideration by the district court and is affirmed.

Affirmed. Costs are awarded to respondent.

DONALDSON, C. J., McFADDEN and BISTLINE, JJ., and DUNLAP, J. pro tem., concur.

---

1. Judgment in this case was entered prior to this Court's adoption of I.R.C.P. 54(e) which became effective March 1, 1979, and which governs the award of attorney fees made pursuant to I.C. § 12–121.