865 P.2d 961

**Ann MORRISSEY, Plaintiff–Appellant,**

v.

**Michael HALEY, Personal Representative of the Estate of Rosemary Haley, Defendant–Respondent.**

**No. 20138.**

Supreme Court of Idaho,
Twin Falls, Nov. 1993 Term.

Dec. 23, 1993.

Kneeland, Korb, Collier, Legg & Haukaas, Ketchum, for plaintiff-appellant. Bruce J. Collier, argued.

Hogue, Speck, Aanestad, P.A., Ketchum, for defendant-respondent. James P. Speck, argued.

BISTLINE, Justice.

## BACKGROUND AND PRIOR PROCEEDING

A parcel of land owned by Ann Morrissey in Ketchum, Idaho ("Lot 2") is situated immediately north of the parcel owned by the estate of Rosemary Haley ("Lot 3").[1] In 1976, then-owner of Lot 2 (Mike Congdon) and then-owner of Lot 3 (Thomas Drougas) agreed to construct a fence on what they believed to be the boundary between the parcels, based on Congdon's research of the lot lines. The parties stipulated that Congdon and Drougas then agreed that this fence, constructed in 1976, constituted the boundary between the two properties. Drougas subsequently occupied and improved his parcel up to the fence.

In 1980, Morrissey acquired Lot 2. Her deed to the land referred only to "Lot 2, Block 73." Morrissey's subsequent survey of the lots indicated that the true property line

---

**1.** Michael Haley, in his capacity as Personal Representative of the estate of Rosemary Haley, has been substituted as Defendant/Respondent in this action.

between Lot 2 and Lot 3 lies 10 feet south of the fence. Morrissey's survey apparently caused the other property owners in Block 73 to realize that their lots were similarly encroached upon by the fences surrounding the lots on their southern borders. Morrissey immediately wrote a letter to Drougas in which she expressed her intent to maintain a claim to the disputed property between Lots 2 and 3 and granted Drougas permission to use the property.

In 1984, Rosemary Haley purchased Lot 3 from Drougas; her knowledge of the boundary issue at the time of purchase is in dispute. In 1988, Haley wrote to Morrissey, asserting Haley's claim of right.

On August 17, 1989, Morrissey filed a quiet title action against Haley. Haley counterclaimed, seeking to quiet title by adverse possession, easement by prescription, and boundary by agreement. Morrissey's motion for summary judgment against Haley's claims of adverse possession and prescriptive easement was denied on May 8, 1990. On June 11, 1992, the district court denied Morrissey's renewed motion for summary judgment and granted Haley's motion for summary judgment to quiet title on the theory of boundary by agreement.

Morrissey appeals the district court decision and raises the following issues:

(1) The district court erred in applying the doctrine of boundary by agreement;

(2) The district court erred in denying her motion for summary judgment on Haley's claim of adverse possession; and

(3) The boundary established in 1976 by Congdon and Drougas should be set aside as a mutual mistake.

Because we affirm the disposition of this case by the district court on the doctrine of boundary by agreement, we will not address Morrissey's arguments relating to Haley's claim of adverse possession. We also hold that because Morrissey failed to raise the issue of mutual mistake below, we will not address it on appeal.

## ANALYSIS

### I. Standard of Review

On a motion for summary judgment, we review "the pleadings, depositions, and admissions on file, together with the affidavits, if any," to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Tolmie Farms, Inc. v. J.R. Simplot Co., Inc.,* 124 Idaho 607, 609, 862 P.2d 299, 301 (1993). Normally, the party opposing summary judgment is to be given favorable inferences from the underlying facts. *Wells v. Williamson,* 118 Idaho 37, 40, 794 P.2d 626, 629 (1990). Where, however, the parties moved for summary judgment based on the same evidentiary facts and on the same theories and issues, the parties effectively stipulate that there is no genuine issue of material fact, and summary judgment is appropriate. *Id.,* 118 Idaho at 40, 794 P.2d at 629 (*quoting Riverside Development Co. v. Ritchie,* 103 Idaho 515, 518 n. 1, 650 P.2d 657, 660 n. 1 (1982)).

### II. Did the trial court err in applying the doctrine of boundary by agreement?

In support of their cross motions for summary judgment, Morrissey and Haley stipulated that the following facts were undisputed:

1. Tom Drougas and Mike Congdon agreed at the time the Fence was constructed that the Fence marked the boundary between Lots 2 and 3.

2. Thereafter, Tom Drougas and Mike Congdon treated the Fence in all respects as the boundary between Lots 2 and 3.

The district court found, and we agree, that Drougas and Congdon expressly agreed that the fence marked the boundary between their respective lots.

The doctrine of boundary by agreement is well established in this state: " ... [w]here the location of a true boundary line on the ground is unknown to either of the parties, and is uncertain or in dispute, [the] coterminous owners [of the parcels involved] may orally agree upon a boundary line. When such an agreement is executed and actual possession is taken under it, the par-

ties and those claiming under them are bound thereby. In such circumstances, an agreement fixing the boundary line is not regarded as a conveyance of land from one to the other, but merely the location of the respective existing estates and the common boundary of each of the parties." *Wells v. Williamson,* 118 Idaho at 41, 794 P.2d at 630 (*quoting Downing v. Boehringer,* 82 Idaho 52, 56–57, 349 P.2d 306, 308–309 (1960)). The agreement may be either express or implied; an agreement is implied by the surrounding circumstances and conduct of the parties, including erection of a fence or other demarcation, possession of the property up to the fence, and a period of acquiescence. *Wells v. Williamson,* 118 Idaho at 41, 794 P.2d at 630; *Kesler v. Ellis,* 47 Idaho 740, 742–44, 278 P. 366, 367 (1929).

▪ Morrissey contends that the doctrine of boundary by agreement is inapplicable here. She argues that the line agreed upon by Congdon and Drougas between Lot 2 and Lot 3 was not uncertain or in dispute because the two men believed that Congdon's 1976 survey, upon which the placement of the fence, was correct. This argument is without merit. The affidavits and depositions of Congdon and Drougas established that precisely because they were uncertain as to the true line, Congdon conducted an amateur survey to find the line. This Court has previously upheld a boundary that was established by an incorrect survey. *Kesler v. Ellis,* 47 Idaho 740, 278 P. 366. Furthermore, we recently held that ignorance as to what is later deemed the true boundary constitutes the requisite uncertainty. *Wells v. Williamson,* 118 Idaho at 41, 794 P.2d at 630. It is beyond dispute that Congdon and Drougas were ignorant of the location of what has now been called the true boundary between Lot 2 and Lot 3.

▪ Morrissey then argues that the true line was not unknown because the subdivision, which included Lots 2 and 3, had been platted. This Court and the Court of Appeals have clearly ruled that whether the correct boundary line is ascertainable elsewhere, via surveys or subdivision plats, is irrelevant; the proper inquiry revolves about what the parties, at the time of their agreement, actually knew. *See Wells v. Williamson,* 118 Idaho 37, 794 P.2d 626; *Beneficial*

*Life Ins. Co. v. Wakamatsu,* 75 Idaho 232, 235, 270 P.2d 830, 832 (1954); *Gameson v. Remer,* 96 Idaho 789, 537 P.2d 631 (1975); *Dreher v. Powell,* 120 Idaho 715, 720, 819 P.2d 569, 574 (Ct.App.1991). Other jurisdictions have arrived at a similar conclusion. *See, e.g., Bryant v. Blevins,* 21 Cal.Rptr.2d 411, 413, 17 Cal.App.4th 98 (Cal.App. 3 Dist. 1993), *pet. for rev. granted,* 24 Cal.Rptr.2d 421, 861 P.2d 1107 (1993). Morrissey's argument flies in the face of the boundary by agreement doctrine.

▪ Morrissey then argues that the mutual mistake of Congdon and Drougas as to the accuracy of their 1976 fence should preclude the application of the doctrine of boundary by agreement, and she challenges the alleged failure of the district court to make findings of fact as to the genesis of the mistake. Such findings of fact, however, are irrelevant to the disposition of this case, since Morrissey raises the argument relating to mutual mistake for the first time on this appeal. Her pleadings and arguments to the district court did not address the issue of mutual mistake, nor was the issue tried by the express or implied consent of the parties. Therefore, we will not address it here. *Manookian v. Blaine County,* 112 Idaho 697, 700, 735 P.2d 1008, 1011 (1987).

Because we affirm the finding by the district court that Drougas and Congdon expressly agreed to the boundary between their respective properties, we do not address the arguments of the parties relating to the period of acquiescence which may be necessary to find that an agreement occurred by implication.

## CONCLUSION

We hold that the doctrine of boundary by agreement applies in this case and that the boundary between Lot 2 and Lot 3, Block 73, is established by the fence that was constructed in 1976. No attorney fees. Costs to Haley.

JOHNSON, TROUT and SILAK, JJ., and WOOD, J. Pro Tem., concur.