950 P.2d 1237

**Walter E. CAMERON and Lucille M. Cameron, Plaintiffs–Appellants,**

v.

**Rose Marie NEAL, Defendant–Respondent.**

No. 23150.

Supreme Court of Idaho.
Boise, September 1997 Term.

Dec. 18, 1997.

Derr & Associates, Boise, for appellants. Allen R. Derr argued.

Davison, Copple, Copple & Ludwig, Boise, for respondent. Jon R. Cox argued.

WALTERS, Justice.

Walter E. and Lucille M. Cameron (hereinafter the "Camerons") filed an action to quiet title regarding a disputed boundary line. The real property in question lies between the surveyed boundary line and a long-existing fence. The Camerons filed the action after a survey in 1990 revealed the true record boundary line between Rose Marie Neal's property and the Camerons' property. The Camerons appeal from the summary judgment decision of the district court holding that Neal is the owner of the disputed area under the equitable doctrine of boundary by implied agreement. They also challenge the district court's award of attorney fees to Neal under I.C. § 12–121. We affirm the judgment of the district court quieting title to the property in Neal and the award of attorney fees against the Camerons.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Camerons and Neal are the owners of adjacent land in Ada County; the Camerons' property lies to the south of Neal's property. Since at least 1929 there has been a fence of wooden posts and barbed wire dividing the two properties. The property now owned by Neal was purchased by the Breshears in 1933. The property now owned by the Camerons was previously owned by the Gibbens. Neal bought the property from the Breshears in 1955, and the Camerons purchased their property in 1968.

Until 1990, none of the adjoining owners, past or present, was aware of the survey boundary and thus all treated the barbed wire fence as the boundary line. There were no affidavits by the Camerons indicating whether they considered the fence to be the boundary between the properties, or merely a barrier. There was an affidavit by the Camerons' daughter, Janet Gough, in which she states, "The fence in question as far as I know is used as a barrier." The land on Neal's side of the fence was never used by the Camerons, but they were assessed the taxes. The Camerons dispute whether Neal ever "used" the property in question.

The true survey line was not ascertained until 1990 when the Camerons had their engineer survey the boundary line in anticipation of subdividing their property. The survey revealed some of the land on Neal's side of the fence was within the description of the Camerons' property as recited in their deed.

Subsequently, on September 18, 1992, the Camerons filed an action to quiet title to the real property on Neal's side of the fence. Neal answered, claiming title because of the doctrine of boundary by agreement. The Camerons filed a motion for summary judgment, and Neal filed a cross-motion for summary judgment. The district court entered an order granting Neal's motion for summary judgment. Thereafter, the district court entered its judgment and decree quieting title to the disputed land in Neal and awarding Neal attorney fees and costs. The Camerons appeal.

## II. ISSUES PRESENTED ON APPEAL

On appeal, the Camerons assert (1) the district court erred in determining that there was no genuine issue of material fact; (2) the district court erred in granting Neal's motion for summary judgment by holding that an implied agreement existed establishing a boundary; and (3) the district court erred in granting Neal attorney fees under I.R.C.P. 54(e)(1) and I.C. § 12–121 by concluding that the Camerons had brought or pursued the action frivolously, unreasonably and without foundation.

## III. DISCUSSION

### A. Standard of Review.

■ Where both parties file motions for summary judgment relying on the same facts, issues and theories, the parties essentially stipulate that there is no genuine issue of material fact which would preclude the district court from entering summary judgment. *Morrissey v. Haley*, 124 Idaho 870, 872, 865 P.2d 961, 963 (1993); *Riverside Dev. Co. v. Ritchie*, 103 Idaho 515, 518–19, 650 P.2d 657, 660–61 (1982). As the trier of fact, the district court is free to arrive at the most probable inferences based upon the evidence before it and to grant summary judgment, despite the possibility of conflicting inferences. *Loomis v. Hailey*, 119 Idaho 434, 437, 807 P.2d 1272, 1275 (1991); *Riverside*, 103 Idaho at 519, 650 P.2d at 661. Resolution of the possible conflict between the inferences is within the responsibilities of the fact finder. *Riverside*, 103 Idaho at 519, 650 P.2d at 661.

■ In the present case, both parties recognize that the fence has been in its current location for more than sixty years, that the fence is not situated on the boundary line shown by the survey, and that no one knew where the true boundary was until the survey was done in 1990. Each of the parties filed a motion for summary judgment claiming title to the disputed property, and relying on the same facts and theories in support of their respective motions. Neal's motion was based on the theory of boundary by agreement, while the Camerons moved for judgment on the theory that a boundary by agreement did not exist and that the disputed land belonged to them based on the survey. Essentially, the Camerons were defending against Neal's claim that a boundary by agreement existed, without asserting any alternative or additional theories they rely on. Consequently, because the evidentiary facts are undisputed, leaving a dispute only as to the inferences that may be drawn, the district court correctly applied its power to resolve the conflict between the inferences. On appeal, the standard of review is simply whether the record is sufficient to support the district court's findings. *Riverside*, 103 Idaho at 520, 650 P.2d at 662; *Argyle v. Slemaker*, 107 Idaho 668, 671, 691 P.2d 1283, 1286 (Ct.App.1984).

### B. Boundary by Implied Agreement.

The Camerons assert that the district court erred in three respects by granting Neal summary judgment as to the doctrine of boundary by agreement. They point out that they had paid the property taxes on the land in dispute; that Neal never used the property; and that Jane Gough's affidavit created a material issue of fact regarding existence of the fence as a barrier.

■ The doctrine of boundary by agreement has long been established in Idaho's case law. To have a boundary by agreement, the location of the true boundary line must be uncertain or disputed and there must be a subsequent agreement fixing the boundary. *Wells v. Williamson*, 118 Idaho 37, 41, 794 P.2d 626, 630 (1990). The agreement need not be express, but may be implied by the surrounding circumstances and conduct of the parties. *Id.* The existence of such an agreement between adjoining landowners may appear where their property rights have been defined by the erection of a fence, followed by treatment of the fence by the adjoining owners as the boundary. *Edgeller v. Johnston*, 74 Idaho 359, 365, 262 P.2d 1006, 1010 (1953). Further, the long existence and recognition of a fence as a boundary, in the absence of any evidence as to the manner or circumstances of its original location, strongly suggests that the fence was located as a boundary by agreement. *Beneficial Life Insurance Co. v. Wakamatsu*, 75 Idaho 232, 241, 270 P.2d 830, 835 (1954). Also, the payment of taxes on the property by the party asserting ownership of the disputed parcel is not required when determining a claim based on the doctrine of boundary by agreement. *Trappett v. Davis*, 102 Idaho 527, 633 P.2d 592 (1981).

■ Here, the Camerons contend that a material issue of fact existed as to whether Neal ever used the disputed property. Neal stated in her affidavit that the disputed property was used to grow hay and grain, and as pasture for horses and cattle. The district court found that the land in question was used exclusively by Neal, but then later stated that the court would presume no active use of the disputed land by Neal. In its summary judgment order, the district court finally concluded that although certain facts with respect to use of the land were in dispute, summary judgment nevertheless was appropriate.

We agree with the district court that even if Neal's use of the property was in dispute, proof of "use" of property is not required to establish a boundary by agreement, although the fact of use by a party may be considered as evidence of whether such an agreement existed. Indeed, the mere fact of permitting land to lie fallow, or to remain wild, uncultivated and unimproved certainly may constitute a desired form of "use" of the property by the owner. Thus, the district court's confusing statements about use of the property by Neal do not make summary judgment improper.

## C. Inference that the Fence is a Boundary.

■ The Camerons also assert that the affidavit of Jane Gough presents a material issue of fact. Gough states: "The fence in question as far as I know is used as a barrier." The Camerons contend that if the fence is a barrier rather than a boundary, then boundary by agreement cannot exist. However, Neal presented affidavits from Barbara June Breshears Colson, Warren Bruce Buchanan and Clifford Neal Gibbens which specifically set forth facts that the fence was treated as the boundary for over sixty years. Colson (who was formerly known as Barbara Breshears and was the daughter of Neal's grantors) and Gibbens, the Camerons' predecessor, both considered the fence as the boundary for as long as they owned their respective properties. In addition, Mr. Buchanan, riding as a buckaroo on the land in question many decades before, saw the fence in place as early as 1929, and had "figured the fence was the boundary line."

■ In contrast, Gough, who was the Cameron's daughter, simply stated her conclusion that the fence was used as a barrier, but presented no specific facts to support her conclusion. Affidavits containing general or conclusory allegations, unsupported by specific facts, are not sufficient to preclude entry of a summary judgment where, as here, the opposing affidavits set forth specific and otherwise uncontroverted facts. *Roper v. Elkhorn at Sun Valley*, 100 Idaho 790, 605 P.2d 968 (1980); *Casey v. Highlands Ins. Co.*, 100 Idaho 505, 600 P.2d 1387 (1979); *Arnold v. Diet Center, Inc.*, 113 Idaho 581, 584, 746 P.2d 1040, 1043 (Ct.App.1987).

■ Gough's affidavit regarding the existence of the fence as a barrier does not create a disputed fact because no inference

can be drawn that the fence was erected solely as a barrier. A mere scintilla of evidence is not enough to create a genuine issue of fact sufficient to withstand a motion for summary judgment. *East Lizard Butte Water Corp. v. Howell,* 122 Idaho 679, 837 P.2d 805 (1992). The more reasonable inference, based on all affidavits, was that the purpose of the fence was to serve as a boundary and was a barrier only incidently, as with most fences.

## D. Attorney fees and costs.

The Camerons assert that the district court erred in awarding Neal attorney fees under I.R.C.P. 54(e)(1) and I.C. § 12–121, by finding that the Camerons brought this action frivolously, unreasonably and without foundation. The Camerons contend that their claim was not frivolous, unreasonable or without foundation because they were seeking judicial clarification of the realty that a publicly recorded survey shows they own and on which they paid taxes.

 An award of attorney fees under I.R.C.P. 54(e)(1) and I.C. § 12–121 is discretionary and is subject to reversal only upon a showing of abuse of discretion. *Savage Lateral Ditch Water Users Ass'n v. Pulley,* 125 Idaho 237, 250, 869 P.2d 554, 567 (1993). When an exercise of discretion is involved, this Court conducts a three-step analysis: (1) whether the trial court properly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the trial court reached its decision by the exercise of reason. *Id.*

Here, the district court exercised its discretion in finding that Neal should be awarded attorney fees pursuant to I.R.C.P. 54(e)(1) and I.C. § 12–121. The district court stated:

> [T]he Plaintiffs brought and pursued this case frivolously, unreasonably, and without foundation. At the time of the filing of this action, *Wells v. Williamson,* 118 Idaho 37, 794 P.2d 626 (1990), had been decided by the Idaho Supreme Court and the facts and legal issues in the case at bar are very similar to the *Wells* decision. To require a

party to defend such a similar case is unreasonable.

 The Camerons had the benefit of the *Wells* decision, released over two years before the Camerons brought this action, concerning the essential elements and controlling law in Idaho regarding the doctrine of boundary by agreement. The case law makes it clear that neither the payment of taxes nor the failure to actively use the land in question is a material element of the doctrine of boundary by agreement. The fence had been in place since 1929 and considered the boundary until 1990. The district court concluded that it was unreasonable for the Camerons to pursue this quiet title action in light of these circumstances. We hold that the district court did not abuse its discretion in awarding Neal attorney fees.

## IV. CONCLUSION

We hold that the Camerons have not presented a material issue of fact to preclude summary judgment. We affirm the district court's decision that an implied boundary by agreement existed, inasmuch as neither proof of "use" nor payment of taxes is required for the establishment of a boundary by agreement. We also uphold the district court's exercise of discretion in awarding attorney fees to Neal.

Accordingly, the judgment is affirmed. Costs to the respondent, Rose Marie Neal. No attorney fees are awarded on appeal. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979).

SCHROEDER, J., and LANSING and R.B. WOOD, JJ. pro tem, concur.

JOHNSON, Justice, concurring in the result.

Although I would reach the same result as the Court does in its opinion, I would do so by means of different rationales.

Concerning the summary judgment, in my view the doctrine of *Riverside v. Ritchie,* 103 Idaho 515, 650 P.2d 657 (1982) is not applicable in this case. Although both parties requested summary judgment and boundary by agreement was the primary issue they ad-

 

dressed, they did not do so without some disagreement on the facts. Specifically, by the affidavit of their daughter, Janet Gough, the Camerons presented evidence that the fence was used as a barrier, not as a boundary. In this affidavit Janet Gough stated: "The fence in question as far as I know is used as a barrier." The Neals did not challenge the admissibility of this asserted fact. Our decisions dictate that the Camerons are entitled to every reasonable inference from this asserted fact. *Kessler v. Barowsky*, 129 Idaho 647, 654, 931 P.2d 641, 648 (1997). I conclude, nevertheless, that it is not a reasonable inference from the statement in this affidavit that those who owned the properties intended it as a barrier instead of a boundary.

Concerning the trial court's award of attorney fees, while I concur that the trial court did not abuse its discretion, I would not engage in reviewing the merits of the award as it appears the Court's opinion does. Instead, I would uphold the trial court's award on the basis of the three-step analysis we apply to determine whether there has been an abuse of discretion. *See Savage Lateral Ditch Water Users v. Pulley*, 125 Idaho 237, 250, 869 P.2d 554, 567 (1993). I conclude that the trial court perceived it had discretion to award attorney fees, acted within the outer boundaries of its discretion and consistent with the applicable legal standards, and reached its decision by an exercise of reason.