34 P.3d 429

STATE FARM FIRE & CASUALTY
COMPANY, Plaintiff–
Respondent,

v.

Michael R. HEINZ and Rex L. Nebeker
and Paula N. Nebeker, husband and
wife, d/b/a Nebeker Construction, Defen-
dants–Appellants.

No. 25855.

Supreme Court of Idaho,
Twin Falls, November 2000 Term.

Aug. 1, 2001.

Rehearing Denied Nov. 6, 2001.

Cooper & Larsen, Chtd., Pocatello, for ap-
pellants. Reed W. Larsen argued.

Clements, Brown & McNichols, P.A., Lew-
iston, for respondent. Michael E. McNichols
argued.

SCHROEDER, Justice.

This case arises from the district court's
grant of summary judgment to State Farm
Fire & Casualty Company (State Farm),
finding that an injury suffered by Michael R.
Heinz (Heinz) was covered under Rex and
Paula Nebeker's (the Nebekers) Home-
owner's Insurance Policy, not their contrac-
tor's policy.

I.

BACKGROUND AND PRIOR
PROCEEDINGS

The Nebekers own a construction company
which builds residential homes, mostly log
cabins, in the Stanley Basin area. They
purchased a lot near Smiley Creek and built
a cabin on the lot. The cabin was initially
used as a residence for the Nebekers, but at
times they used it as a model home and
advertisement for the construction company.
Occasionally the Nebekers used the cabin as
an office and to house company employees
who were working on construction sites in
the area. In February of 1995 a neighbor
notified the Nebekers that their use of the
property violated a restrictive covenant and a
Blaine County zoning ordinance prohibiting
commercial activities on the property. The
Nebekers' attorney responded with a letter
denying their use of the property was com-
mercial. The Nebekers subsequently re-
moved commercial vehicles and a company

sign from the property and stopped further log peeling on the property.

State Farm issued a homeowner's policy on the Smiley Creek cabin with a $100,000 limit for personal liability for each occurrence. The application signed by Mr. Nebeker indicated that no business would be conducted on the property. State Farm also issued a contractor's policy covering the Nebekers' business with a $300,000 limit of liability.

On July 3, 1997, Heinz, the Nebekers' nephew, arrived at the cabin at the end of the day. That evening Nebeker decided to plant a tree in the cabin yard to "honor" Heinz. Nebeker used a company owned backhoe to dig the hole but hit some metal and asked Heinz to remove it. While Heinz was in the partially dug hole, the backhoe's bucket fell on his foot causing serious permanent injuries. Heinz filed a claim against the Nebekers' contractor's insurance policy to recover damages incurred from the injury.

State Farm filed a complaint for declaratory relief seeking a judgment that: (1) the accident is covered by State Farm's Homeowner Insurance Contract and is not covered by the contractor's policy and (2) the maximum amount of liability available to cover the injury is $100,000 and maximum amount for medical coverage is $1,000. The Nebekers and Heinz moved for summary judgment, seeking a ruling that the contractor's policy was applicable. The district court denied the Nebeker/Heinz motion but granted summary judgment to State Farm, finding the homeowner's policy, not the contractor's policy, provided coverage for Heinz's injury. Heinz and the Nebekers appealed.

## II.

### STANDARD OF REVIEW

■ This Court's standard of review on appeal is the same standard used by the district court in ruling on the motion for summary judgment. *See, e.g., First Security Bank v. Murphy,* 131 Idaho 787, 790, 964 P.2d 654, 657 (1998); *Richards v. Idaho State Tax Comm'n,* 131 Idaho 476, 478, 959 P.2d 457, 459 (1998). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Murphy,* 131 Idaho at 790, 964 P.2d at 657.

Generally, when considering a motion for summary judgment, a court "liberally construes the record in a light most favorable to the party opposing the motion and draws all reasonable inferences and conclusions in that party's favor." *Brooks v. Logan,* 130 Idaho 574, 576, 944 P.2d 709, 711 (1997). However, where the evidentiary facts are undisputed and the trial court rather than a jury will be the trier of fact, "summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Riverside Development Co. v. Ritchie,* 103 Idaho 515, 519, 650 P.2d 657, 661 (1982), *see also Cameron v. Neal,* 130 Idaho 898, 900, 950 P.2d 1237, 1239 (1977) (Where the district court sits as the trier of fact, it may draw reasonable inferences based upon the evidence before it and may grant summary judgment despite the possibility of conflicting inferences.).

## III.

### THE DISTRICT COURT PROPERLY DENIED THE NEBEKERS' MOTION FOR SUMMARY JUDGMENT.

■ Heinz and the Nebekers claim Heinz's injury was covered by the contractor's policy because the tree planting activity was for business purposes. Heinz and the Nebekers argue the tree was planted with equipment from their business to further their business because the cabin where the tree was planted was used to advertise for the business. State Farm asserts the tree was being planted on personal property for personal reasons and, consequently, the homeowner's insurance policy, not the contractor's policy, should apply.

The district court identified the issue in the case as a determination of which insurance policy should apply and analyzed the case in "either or" terms because both parties agreed that "only one of the policies will

apply." That is, if the homeowner's policy applied, the contractor's policy could not apply. On the other hand, if the contractor's policy applied, the homeowner's policy could not apply. It might be that under a different set of facts, pleadings, and argument both policies could apply. However, the district court's analysis is supported by the record. The Heinz/Nebeker reply brief in the district court makes this statement:

Plaintiff cites case law from outside of Idaho for the proposition that "insurance policies are not designed to provide overlapping coverage," and then concludes that "only one policy applies." While defendants do not concede that the law supports the conclusion, Defendants do agree that by their terms only one of the policies applies in this case. There is no overlapping of coverage. The Homeowner's policy excludes coverage for Heinz' injuries and the Contractor's policy provides coverage. The factors for determining coverage under the Contractor's policy are discussed in Defendant's initial brief.

(footnote omitted). At oral argument in the district court State Farm argued that only one policy could apply. Heinz and Nebeker did not present a contrary argument.

Heinz and Nebeker's also argued in their brief to this Court that, "since only one policy applies, the challenge for the Court is to determine which policy applies." The Nebekers' motion for summary judgment asked the district court for a determination that the contractor's policy applied. The district court properly stated the standard for summary judgment: "[v]iewing the facts and all reasonable inferences in the light most favorable to [State Farm], as this Court must do pursuant to I.R.C.P. 56(c), the facts surrounding the case are as follows. . . . ." The record contains evidence to defeat the Nebekers' motion for summary judgment, e.g., their statements that the property was not used for business purposes, that the tree was planted to "honor" Heinz, and other facts surrounding the tree planting that are inconsistent with a business activity. Consequently, the district court properly denied the Nebekers' motion for summary judgment.

## IV.

## THE DISTRICT COURT PROPERLY GRANTED SUMMARY JUDGMENT IN FAVOR OF STATE FARM.

Although the district court applied the correct standard in considering Nebekers' motion for summary judgment, the district court did not restate the standard in considering whether to grant summary judgment in favor of State Farm. Regardless, since the district judge sat as the trier of fact, he was entitled to examine the undisputed evidence, draw reasonable inferences, and, despite the possibility of conflicting inferences, grant summary judgment. *See Cameron,* 130 Idaho at 900, 950 P.2d at 1239. The district judge's opinion indicates that he properly reviewed the undisputed facts and drew reasonable inferences from those facts in concluding that the homeowner's policy not the contractor's policy applied. The undisputed facts included (1) the statement by the Nebekers' attorney denying there was commercial use of the property in response to the alleged violations of a restrictive covenant and a zoning ordinance; (2) the Nebekers' statement that the tree was being planted to "honor" Heinz; and (3) the statement in the application for the homeowner's policy that no business would be conducted on the property. From those undisputed facts it was reasonable for the district court to conclude that the homeowner's policy was applicable not the contractor's policy.

## V.

## CONCLUSION

The decision of the district court denying the Nebekers' motion for summary judgment is affirmed. The decision of the district court granting summary judgment in favor of State Farm is affirmed. State Farm is awarded costs but no attorney fees.

Chief Justice TROUT and Justice WALTERS concur.

Justice Pro Tem McKEE, dissenting.

**384**

McKEE, D.J. (Retired): [1]

I respectfully dissent. In my view, Nebeker's motion for summary judgment should be granted and a declaratory judgment entered accordingly. The error presented by both the trial judge's opinion and the majority opinion on appeal is the conclusion that, because the allegedly commercial events were too slight to bring the occurrence within reach of the commercial activities *exclusion* clause in the homeowner's policy, the events were therefore too slight to activate the *coverage* clause in the business CGL policy. Both the trial court's decision and the majority opinion treated the analysis as requiring only an examination of the exclusion clause of the homeowner's policy. When the conclusion was reached that the use of the cabin and the events of the day were not sufficiently "commercial" to trigger the exclusion under the homeowner's policy provision, this was deemed sufficient to force the conclusion that the commercial policy would not apply. I believe the analysis to be flawed, for it is not an "either-or" proposition.

Under Idaho law, the uses and events under an exclusion clause of an insurance policy are measured against entirely different standards than the same uses and events under the basic insuring or coverage clause.[2] Therefore, it is not correct or sufficient to conclude that an analysis under one clause will govern the result under another. The uses and events in question must be separately analyzed under the separate clauses of both policies. In this case, and under proper analysis, I believe that both policies were fully in force and applicable to indemnify Nebeker against the alleged loss in this case. While it is accurate that State Farm's eventual maximum exposure may be limited to the limits of liability contained in one policy, this is because of further separate clauses in each policy, separate from the clauses governing coverage and exclusions.

The comprehensive general liability policy (the CGL policy) issued to Nebeker's construction business defined the coverage as being limited to that related to the construction business. This definition is contained in the declarations section of the policy as a *coverage* clause, which under Idaho law is to be construed *broadly*.[3] Although the connection between the use of the cabin and the events of the day, and the Nebeker's construction business was slight and somewhat attenuated, the events were still sufficient to find coverage under a broad reading of the coverage clause. The backhoe belonged to the business and the causative negligent event may well have been the failure to maintain or repair a locking pin on the backhoe bucket, which failure probably happened at the Nebeker's place of business, or at least under the direction of Nebeker as part of the ordinary course of his business. The duty

1. Senior District Judge D. Duff McKee (retired).

2. Idaho law governing the interpretation of insurance policies was set forth well by Justice Shepard in *Moss v. Mid–American Fire and Marine Ins. Co.*, 103 Idaho 298, 300, 647 P.2d 754, 756 (1982):

"This Court has long recognized that insurance policies are contracts of adhesion, not subject to negotiation between the parties, and hence must be construed most strongly against the insurer. *Abbie Uriguen Olds. Buick, Inc. v. United States Fire Ins. Co.*, 95 Idaho 501, 511 P.2d 783 (1973); *Stephens v. New Hampshire Ins. Co.*, 92 Idaho 537, 447 P.2d 14 (1968); *Scharbach v. Continental Cas. Co.*, 83 Idaho 589, 366 P.2d 826 (1961); *Rollefson v. Lutheran Brotherhood*, 64 Idaho 331, 132 P.2d 758 (1942). The provision at issue today is one which seeks to exclude the insurer's coverage. Such an exclusion must be strictly construed in favor of the insured. *Hahn v. Alaska Title Guaranty Co.*, 557 P.2d 143 (Alaska, 1976); *Mission Ins. Co. v. Nethers*, 119 Ariz. 405, 581 P.2d 250 (Ariz.App.1978); *State Farm Mutu-*

*al Auto. Ins. Co. v. Partridge*, 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123 (1973); *Northwestern Nat. Cas. Co. v. Phalen*, [182 Mont. 448], 597 P.2d 720 (Mont.1979); *Conner v. Transamerica Ins. Co.*, 496 P.2d 770 (Okl.1972); *McDonald Industries, Inc. v. Rollins Leasing Corp.*, 26 Wash. App. 376, 613 P.2d 800 (1980). See also *Bonner County v. Panhandle Rodeo Ass'n Inc.*, 101 Idaho 772, 620 P.2d 1102 (1980); *Farmers Ins. Group v. Sessions*, 100 Idaho 914, 607 P.2d 422 (1980). Hence, the courts have held that the burden is on the insurer to use clear and precise language if it wishes to restrict the scope of its coverage. *Goforth v. Franklin Life Ins. Co.*, 202 Kan. 413, 449 P.2d 477 (1969); *Anderson v. Nationwide Life Ins. Co.*, 6 Kan.App.2d 163, 627 P.2d 344 (1981); *Harvey's Wagon Wheel, Inc. v. MacSween*, 96 Nev. 215, 606 P.2d 1095 (1980)...."

3. "Strongly against the insurer." *Moss v. Mid–American Fire and Marine Ins. Co.*, footnote 2 above.

owed would be that of Nebeker's construction company, and the entity responsible in tort for any injury caused by a breach would be the business entity. Clearly, to my mind, this is sufficient to give rise to coverage under the business CGL policy. In addition, there are Nebeker's slight business uses of the cabin, including using it as a display model to show off the products of the construction business and occasionally housing company employees there when construction projects required. The business policy does not quantify or specify the degree or intensity of business use that is necessary to trigger coverage. Since it does not take much to bring an occurrence within the business coverage under the broad reading of coverage clauses required under Idaho law, I think even the slight business connection offered in this case is sufficient to give rise to coverage under the business policy. Nebeker should be covered for any of his actions related to his business, however slight or attenuated those actions might be.

Nebeker's homeowner's policy contained an exclusion, reciting generally that any liability arising from commercial activities on or about the cabin was not covered under the policy. This language appears in the *exclusion* clauses of the policy, which clauses under Idaho law are construed *narrowly*.[4] When viewed narrowly, it is perfectly consistent to conclude that the slight and attenuated connections between the use of the cabin and the Nebeker's business were not sufficient to bring the events of the day into the reach of the exclusion clause. The homeowner's policy may not reach any negligence at Nebeker's workplace—such as the failure to properly repair or maintain the backhoe—but it would certainly insure Nebeker personally for his conduct around the cabin involving the clearly social activities. Under this analysis, both policies were in force and provided coverage both to Nebeker's business and to Nebeker individually at the time of the occurrence.

Finally, both policies contained anti-stacking clauses, which provided generally that if there were two or more policies of State Farm in force, the aggregate limit of liability would not exceed the limit of liability of that policy providing the greatest coverage. These clauses prevent the parties from stacking the policies, and claiming that there was an aggregate of $400,000 in limits available to satisfy the injured party's claim ($300,000 from the business CGL policy plus $100,000 from the homeowner's policy). Counsel for Heinz, the injured party, so conceded. If both policies were in force, only one policy—the greater—would be used to satisfy the claim, and no additional claim would be made on the lesser. These anti-stacking clauses have nothing to do with the issue of coverage. Both policies, to my mind, do "cover" the risk. The anti-stacking provisions operate to limit the amount available to indemnify an insured against the claims of an injured claimant in the event dual coverage exists, but they do not limit the existence of coverage under either policy.

State Farm instituted this action as the plaintiff, and framed the issues in its pleadings. However, contrary to the majority inference, it is only State Farm that insisted on the "either-or" analysis in both the court below and this court. The appellants' reply brief makes it clear that they did not accept State Farm's pleading or its contention of the "either-or" analysis, and urged instead that both policies might apply.

In my opinion, the correct result would be to conclude that *both* policies were in force and provided liability coverage to Nebeker both individually and to his business against the allegations of negligence and damage set forth in the claims of Heinz. Under the anti-stacking provisions of the policies in force, the limit of indemnity available was the limit of the greater policy. I would direct the district court to declare that State Farm was obligated to defend and indemnify Nebeker for losses to Heinz up to the limit of the business CGL policy, being the greater limit, together with any incidental first party coverages that may apply.

Justice KIDWELL concurs.

---

4. "Strictly against the insurer." *Ibid.*