**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38618**

| | | |
|---|---|---|
| ALBERT RAY MOORE, | ) | 2011 Unpublished Opinion No. 685 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: November 3, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| THOMAS MURPHY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order granting motion for summary judgment, <u>affirmed in part and remanded in part</u>.

Albert R. Moore, Orofino, pro se appellant.

Andrew Parnes, Ketchum, for respondent.

_____

GRATTON, Chief Judge

Albert Ray Moore appeals the district court's order granting summary judgment to Thomas Murphy.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Moore was arrested at the Kit Kat Club in Meridian by the Ada County Sheriff's Department. Subsequently, Moore contacted Murphy to investigate whether the Meridian City Police Department had jurisdiction at the location of the Kit Kat Club, namely, the intersection of Black Cat Road and Franklin Boulevard. Murphy subsequently reported that the Ada County Sheriff's Department had jurisdiction over the area. Moore filed suit for breach of contract. Murphy answered and filed a motion for summary judgment. The district court granted the motion for summary judgment. Moore appeals.

1

## II.

### ANALYSIS

We first note that summary judgment under Idaho Rule of Civil Procedure 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). When, however, the district court sits as the trier of fact, instead of a jury, summary judgment may be appropriate despite the possibility of conflicting inferences, because the court alone is responsible for resolving such conflicting inferences. *Cameron v. Neal*, 130 Idaho 898, 900, 950 P.2d 1237, 1239 (1997). As the trier of fact, the district court is free to arrive at the most probable inferences based upon the evidence before it. *Id*.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick v. Elder*, 126 Idaho 308, 312, 882 P.2d 475, 479 (Ct. App. 1994).

Moore spends considerable time in his briefing to this Court arguing claims of fraud. Moore did not plead fraud in the complaint and, thus, we will not entertain claims of fraud. In

2

addition, the district court found that nothing in the record supports any claim for consequential damages, loss of profits, punitive damages, or any other monetary claim beyond the amount which Moore paid to Murphy. Moore did not address this determination by the district court in his appellant's brief except to conclude that "the court should find in favor of the plaintiff for amounts in original complaint." A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Thus, the only damages potentially recoverable in the action would be the amount paid by Moore to Murphy.

The district court determined that, although the parties' agreement was not reduced to writing, a contract existed. In making this determination, the district court referenced letters sent by Moore to Murphy as well as Murphy's acknowledgement that the parties intended to contract. In regard to the scope of the work that Murphy was to perform under the contract, the district court, quoting from the complaint, stated that the agreement reached was that Murphy would investigate whether the "Meridian Police Department had jurisdiction [of the intersection of] Black Cat Rd. and Franklin Blvd." The district court determined that, while a contract existed, no breach occurred. The district court stated: "The record shows that Moore asked Murphy to discover whether the Meridian Police properly had jurisdiction of the area in question. That Murphy may have investigated the issue in a manner different from how Moore would have investigated the issue is beside the point."

In his brief to this Court, Moore states that "Defendant was hired to investigate Meridian City Police Dept.[;] was Blackcat Rd. & Franklin Blvd. intersection in their jurisdiction." Murphy reported to Moore that the intersection was in the jurisdiction of the Ada County Sheriff's Department. Murphy determined the jurisdiction question by contacting the Ada County Sheriff's Department instead of the Meridian City Police Department. Thus, the district court determined that Murphy fulfilled the terms of the agreement, even though Moore complains that Murphy should have made the determination by contacting the Meridian City Police Department directly.

It is apparent from Moore's arguments that what he sought from Murphy was information as to under what *authority* could the Meridian City Police Department have been present at the Kit Kat Club. However, Moore's communications with Murphy referred specifically to whether the Meridian City Police Department had "jurisdiction" in the area. Therefore, as noted by the

3

district court, to the extent a meeting of the minds occurred as to this term of the agreement, it was that Murphy would investigate jurisdiction. Murphy determined that police jurisdiction in the area rested with the Ada County Sheriff's Department. While Murphy could have determined the jurisdiction of the Meridian City Police Department by direct contact, as Moore later did, that term of the agreement was fulfilled and summary judgment was properly granted by the district court.

However, Moore also claimed in his complaint that another term of the contract was that Murphy would determine whether the Meridian City Police Department was on site at the time of his arrest. Moore also asserted this claim in response to Murphy's motion for summary judgment. Murphy responded: "The issue of whether or not the Meridian Police Department were at the scene of Moore's arrest or whether or not the Meridian Police Department had jurisdiction to be at the scene is immaterial to whether or not Murphy is entitled to summary judgment." Moore argues in his brief to this Court that the contract included investigation regarding "were they [Meridian City Police Department] on or at Black Cat Rd. & Franklin Blvd. 4-28-07." The district court did not address whether Murphy agreed to investigate whether the Meridian City Police were on site or, if so, whether such term of the contract was breached. Therefore, we must remand this matter to the district court to address this claim.

### III.

### CONCLUSION

Moore does not contest the district court's grant of summary judgment dismissing all claims for consequential damages, lost profits, or any other damages above the amount paid by Moore to Murphy under the contract. We, therefore, affirm the district court's grant of summary judgment to defendant dismissing any and all damage claims above the amount paid by Moore to Murphy under the contract. We further affirm the district court's grant of summary judgment as to the claim that Murphy breached the contract by failing to investigate whether the Meridian City Police Department had jurisdiction at the intersection of Black Cat Road and Franklin Boulevard. We remand to the district court to determine whether Murphy agreed to investigate whether the Meridian City Police Department was on site or, if so, whether such term of the contract was breached.

Judge LANSING and Judge MELANSON **CONCUR.**

4